**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Autoscribe Corporation, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 2:24-cv-325 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| Nuvei Corporation, Nuvei Technologies | § | |
| Corporation, and Nuvei Technologies, Inc., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**DEFENDANTS' RULE 12(B)(2) AND 12(B)(3) MOTIONS TO DISMISS**

202455928.4

## <u>TABLE OF CONTENTS</u>

I.    Introduction .................................................................................................................. 1

II.    Statement of the Issues ................................................................................................ 2

III.    Factual Background ..................................................................................................... 3

    A.    Nuvei Corporation and Nuvei Technologies Corp. are Canadian Corporations That Do Not Perform the Alleged Infringing Conduct ................................................................. 3

    B.    Nuvei Technologies, Inc. Does Not Have a Regular and Established Place of Business in This District ................................................................................................................... 3

    C.    The Eastern District of Texas Has Expended Very Few Judicial Resources on This Case 4

IV.    Legal Standard ............................................................................................................ 4

    A.    Personal Jurisdiction ................................................................................................... 4

    B.    Venue .......................................................................................................................... 6

V.    The Nuvei Defendants Should Be Dismissed for Lack of Personal Jurisdiction and Lack of Venue .......................................................................................................................... 7

    A.    Autoscribe Cannot Sustain Its Burden to Show Personal Jurisdiction over Nuvei Corporation ................................................................................................................... 7

        1.    Autoscribe Cannot Show That This Court Has Specific Jurisdiction Over Nuvei Corporation ................................................................................................................... 7

        2.    Autoscribe Cannot Show That This Court Has General Jurisdiction Over Nuvei Corporation ................................................................................................................. 10

    A.    Autoscribe Cannot Sustain Its Burden to Show Personal Jurisdiction over Nuvei Technologies Corp .................................................................................................... 11

        1.    Autoscribe Cannot Show That This Court Has Specific Jurisdiction Over Nuvei Technologies Corp .................................................................................................... 11

        2.    Autoscribe Cannot Show That This Court Has General Jurisdiction Over Nuvei Technologies Corp .................................................................................................... 13

    B.    Nuvei Technologies, Inc. Does Not Have a "Regular and Established Place of Business" in This District ............................................................................................................. 13

        1.    Nuvei Technologies, Inc. Does Not "Reside" In Texas .............................................. 13

        2.    Nuvei Technologies, Inc. Does Not Have a "Regular and Established Place of Business" in This District ............................................................................................ 14

VI.    Conclusion ................................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
  160 F.3d 1373 (Fed. Cir. 1998) ............................................................................ 5

*B/E Aero., Inc. v. Zodiac Aero.*,
  2018 U.S. Dist. LEXIS 220294 (E.D. Tex. Nov. 29, 2018) ............................. 10, 11

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994) .............................................................................. 4

*Burger King Corp. v. Rudzewics*,
  471 U.S. 462 (1985)............................................................................. 6, 11, 14

*Cunningham v. CBC Conglomerate LLC*,
  359 F. Supp. 3d 471 (E.D. Tex. 2019)................................................................. 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).......................................................................................... 12

*Dalton v. R&W Marine, Inc.*,
  897 F.2d 1359 (5th Cir. 1990) .......................................................................... 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)............................................................................ 12, 13, 15

*In re Cordis Corp.*,
  769 F.2d 733 (Fed. Cir. 1985) ...................................................................... 17, 18

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017) ................................................................... passim

*Int'l Shoe Co. v. State of Wash.*,
  326 U.S. 310 (1945)...................................................................................... 11, 14

*McFadin v. Gerber*,
  587 F.3d 753 (5th Cir. 2009) .............................................................................. 6

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010) ...................................................................... 5, 13

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
  253 F.3d 865, (5th Cir. 2001) .............................................................................. 9

*Parallel Licensing LLC v. Arrow Elecs., Inc.*,
  2022 U.S. Dist. LEXIS 90442, (E.D. Tex. May 19, 2022)........................... 2, 18, 19

*Phonometrics, Inc. v. N. Telecom Inc.*,
  133 F.3d 1459 (Fed. Cir. 1998) .......................................................................... 5

*Princeton Digital Image Corp. v. Facebook, Inc.*,
  2012 U.S. Dist. LEXIS 119432 (E.D. Tex. Aug. 23, 2012) .................................... 5

*Seiferth v. Helicopteros Atuneros, Inc.*,
  472 F.3d 266 (5th Cir. 2006) .............................................................................. 6

*Shaffer v. Heitner*,
    433 U.S. 186 (1977)............................................................................................... 10

*Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-cv-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex.
    Oct. 31, 2017), *report and recommendation adopted*, No. 2:17-cv-00293-RWS, 2017 WL
    6452802 (E.D. Tex. Dec. 18, 2017)......................................................................... 7

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    581 U.S. 258 (2017)......................................................................................... 7, 16

*Uniloc USA, Inc. v. Nutanix, Inc.*,
    2017 U.S. Dist. LEXIS 229347 (E.D. Tex. Dec. 6, 2017)...................................... 19

*United States v. Bestfoods*,
    524 U.S. 51 (1998)........................................................................................... 5, 6

*Wien Air Alaska, Inc. v. Brandt*,
    195 F.3d 208 (5th Cir. 1999) ..................................................................................... 6

*ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018) ................................................................................ 7

**Statutes**
28 U.S.C. § 1400(b) ................................................................................... 3, 6, 13, 14

**Rules**
Federal Rule of Civil Procedure 12(b)(2) ...................................................... passim

Federal Rule of Civil Procedure 12(b)(3) .............................................................. 1, 17

## **TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | Declaration of V. Piercey |
| 2 | Declaration of V. Wendel |
| 3 | Texas Business Search ("Nuvei Technologies, Inc.") |
| 4 | 5000 Legacy Dr, Plano TX Property Search |
| 5 | Annual Information Form, Ex. 99.1 (Mar. 5, 2024), available at https://www.sec.gov/Archives/edgar/data/1765159/000176515924000007/nuvei-aifx2023xfvcleanv2.htm |
| 6 | Texas Business Search ("Nuvei") - Results |

Defendants Nuvei Corporation and Nuvei Technologies Corp. ("NTC") move for dismissal of Plaintiff Autoscribe Corporation's ("Autoscribe") Complaint (Dkt. 1) ("Compl.") under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Defendant Nuvei Technologies, Inc. ("NTI") moves for dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

## I.   INTRODUCTION

Autoscribe's Complaint names three separate Nuvei entities: (1) Nuvei Corporation, a Canadian Corporation not registered to do business in Texas that merely serves as a holding company; (2) NTC, a Canadian Corporation not registered to do business in Texas; and (3) NTI, a Delaware Corporation that is headquartered in Arizona.

Despite acknowledging it had sued three separate corporate entities, Compl. at ¶¶ 2-4, the Complaint attempts to establish personal jurisdiction over Nuvei Corporation and NTC solely by ignoring corporate separateness. The Complaint first generally alleges "Defendants"—defined to include all three defendants without distinction—"conduct business within the State of Texas; and Autoscribe's causes of action arise directly form Defendants' business contacts and other activities in the State of Texas, including by virtue of Defendants' infringement in the State of Texas." Compl. at ¶ 8. Beyond these generalities, the Complaint makes one specific personal jurisdiction allegation: "For example, Defendants"—again without distinction among entities—"have customers and partners in Texas such as the New Balance store in Frisco, Texas, Hays Utility North Corporation in southeast Texas, and Sabre Corporation in Southlake, Texas." *Id.* at ¶ 9. But these "examples," at best, relate to NTI's activities, leaving no assertions in the Complaint that provide any basis to assert personal jurisdiction over either Canadian entity.

Accordingly, Autoscribe fails to show that the Court may exercise personal jurisdiction over either Nuvei Corporation or NTC.

Next, the Complaint alleges that venue is proper over NTI because NTI allegedly has a regular and established place of business in this district at 5000 Legacy Drive, Suite 320, Plano, TX 75024. Compl. at ¶¶ 4, 10. Autoscribe makes this allegation relying on a web page that is out of date and does not reflect the state of NTI's operations at the time or after the filing of the Complaint. *See id.* at ¶¶ 4, 4 n.5. NTI ceased operations in Plano prior to the end of 2021, long before filing of the Complaint. Ex. 1 (Piercey Decl.) at ¶ 7; Ex. 2 (Wendel Decl.) at ¶ 6. The existence of an incorrect web page does not override the *In re Cray* requirement that NTI has not, since filing of the Complaint, "engage[d] in business from that location." *In re Cray*, 871 F.3d 1355, 1363–64 (Fed. Cir. 2017); *see also Parallel Licensing LLC v. Arrow Elecs., Inc.*, 2022 U.S. Dist. LEXIS 90442, at *13 (E.D. Tex. May 19, 2022) (holding that a website listing a location is insufficient to show that venue is proper). Because NTI has no regular and established place of business in the Eastern District of Texas, venue is not proper in the Eastern District of Texas. Defendants therefore respectfully request dismissal of this action.

## II.   STATEMENT OF THE ISSUES

Whether Autoscribe has met its burden to show that the Eastern District of Texas has personal jurisdiction over Nuvei Corporation.

Whether Autoscribe has met its burden to show that the Eastern District of Texas has personal jurisdiction over NTC.

Whether Autoscribe has met its burden to show that the Eastern District of Texas is a proper venue for Autoscribe's allegations against NTI.

III.    **FACTUAL BACKGROUND**

A.  **Nuvei Corporation and Nuvei Technologies Corp. are Canadian Corporations That Do Not Perform the Alleged Infringing Conduct**

Nuvei Corporation is a company organized under the laws of Canada. Ex. 1 (Piercey Decl.) at ¶ 2. Nuvei Corporation is a holding company that is the ultimate parent company of both NTC and NTI. *Id.* at ¶ 5 (Nuvei Corporation "does not control or direct any of the various activities" of either NTC or NTI). *Id.* at ¶ 6. Nuvei Corporation does not maintain any presence in the United States or Texas. *Id.* at ¶ 8.

NTC is a company organized under the laws of Canada. *Id.* at ¶ 3. NTC is a subsidiary of Nuvei Corporation and the indirect parent of NTI. *Id.* at ¶ 5. NTC "does not control or direct any of the various activities" of either NTI. *Id.* at ¶ 7. NTC does not maintain any presence in the United States or Texas. *Id.* at ¶ 10.

B.  **Nuvei Technologies, Inc. Does Not Have a Regular and Established Place of Business in This District**

Autoscribe filed its Complaint against the Defendants on May 3, 2024. Compl. Autoscribe alleges that venue is proper in this District because Nuvei Technologies, Inc. allegedly has a regular and established place of business in this district at 5000 Legacy Drive, Suite 320, Plano, TX 75024. Compl. at ¶¶ 4, 10. NTI is a Delaware Corporation with its headquarters in Scottsdale, Arizona.[1] Ex. 1 (Piercey Decl.) at ¶ 4; Ex. 3 at 1. Contrary to the assertions in Autoscribe's Complaint, NTI does not, and did not at the time of the filing of the Complaint, have a regular and established place of business in this District.

Nuvei Technologies, Inc. has no places of business in the Eastern District of Texas. Ex. 1 (Piercey Decl.) at ¶ 15. While Autoscribe points to a website providing a Plano address for Nuvei

---

[1] Autoscribe does not allege that any Defendant resides within the Eastern District of Texas. *See* 28 U.S.C. § 1400(b).

Technologies, Inc., Autoscribe makes this allegation based on an out of date web page. NTI ceased operations in Plano in 2021, before filing of the Complaint. *Id.* at ¶ 19. Property searches of that location show no Nuvei entity located there. Ex. 4. No signage referring to Nuvei appears at that location, and Nuvei is not aware of any NTI office in either Plano or the Eastern District of Texas at the time of or after filing of the Complaint. Ex. 1 (Piercey Decl.) at ¶¶ 15-16, 19; Ex. 2 (Wendel Decl.) at ¶¶ 3-8, Ex. A.

### C.  The Eastern District of Texas Has Expended Very Few Judicial Resources on This Case

This case is in its infancy. Defendants have not yet answered; the Parties have not conducted their Rule 26 conference; Autoscribe has not served infringement contentions; no Defendant has served invalidity contentions; and this is the first motion filed by any Party. Thus, the Court has invested relatively little time in this Action, the technology at issue, and the claims at issue.

## IV.   LEGAL STANDARD

### A.  Personal Jurisdiction

The law of the Federal Circuit governs the question of personal jurisdiction in patent infringement cases. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). "The Federal Circuit applies a three-prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). "In response to a challenge regarding personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Princeton Digital Image Corp. v. Facebook, Inc.*, 2012 U.S. Dist. LEXIS 119432, at *5 (E.D. Tex. Aug. 23, 2012).

A parent corporation may be directly involved in the activities of its subsidiaries without the subsidiaries' activities being imputed to the parent. *See United States v. Bestfoods*, 524 U.S. 51, 72 (1998). Even if the standard for imputation in the context of jurisdiction is lower than that for liability, "corporate form is not to be lightly cast aside." *See 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1380-81 (Fed. Cir. 1998). In general, corporate form must not be disregarded "unless specific, unusual circumstances call for an exception" or "unless there is at least specific intent to escape liability for a specific tort." *See id.* at 1380 (citations omitted); *see also Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998). Unusual circumstances justifying disregard for corporate form can be contrasted with routine parental involvement, which may include activities such as monitoring the subsidiary's performance, supervising finance and budget decisions, and articulating general policies and procedures. *See Bestfoods*, 524 U.S. at 72.

"If the plaintiff successfully satisfies the first two prongs [of the specific jurisdiction analysis], the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King Corp. v. Rudzewics*, 471 U.S. 462, 477 (1985). "[I]t is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 75960 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

### B. Venue

Under 28 U.S.C. § 1400(b), a patent infringement action may be brought in either (1) "the judicial district where the defendant resides," or (2) the judicial district "where the defendant has committed acts of infringement **and** has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). The plaintiff has the burden to prove that venue is proper under either the first or second prong of § 1400(b). *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue.").

With respect to the first prong, the Supreme Court has held that "'reside[nce]' in § 1400(b) refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 258 (2017). For the second prong, "the regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." *In re Cray*, 871 F.3d at 1361. Rather, demonstrating that a defendant has "a regular and established place of business" in a particular district requires: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360; *see also Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-cv-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), *report and recommendation adopted*, No. 2:17-cv-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray*, 871 F.3d at 1361.

## V.   THE NUVEI DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND LACK OF VENUE

### A.   Autoscribe Cannot Sustain Its Burden to Show Personal Jurisdiction over Nuvei Corporation

#### 1.   <u>Autoscribe Cannot Show That This Court Has Specific Jurisdiction Over Nuvei Corporation</u>

The Court should dismiss Nuvei Corporation for lack of personal jurisdiction. Because Nuvei Corporation is a foreign holding company that neither manufactures nor sells any products, *see* Section III.A, *supra*, Autoscribe cannot meet its burden to show that the first two prongs of the *Nuance* test are met.

Autoscribe fails the first prong because it cannot show that Nuvei Corporation performs any *per se* "activities" at all, let alone activities that are purposefully directed at residents of this forum. Nuvei Corporation is a Canadian holding company that owns the other named Defendants. Ex. 1 (Piercey Decl.) at ¶¶ 2, 5-6; Ex. 5 (Annual Information Form, Ex. 99.1) at 49 ("Nuvei is a corporation under the CBCA. Our material assets are our direct and indirect equity interests in our subsidiaries, including our international subsidiaries. We are, therefore, dependent upon payments, dividends and distributions from our subsidiaries for funds to pay our holding company's operating and other expenses and to pay future cash dividends or distributions, if any, to holders of our Subordinate Voting Shares, and we may have tax costs in connection with any dividend or distribution."). Its main business is to own its subsidiaries. Ex. 1 (Piercey Decl.) at ¶ 6; Ex. 5 (Annual Information Form, Ex. 99.1) at 49. Any activities undertaken are conducted in Canada, not in Texas. Ex. 1 (Piercey Decl.) at ¶¶ 8-9. As a result, Nuvei Corporation simply has not directed any activities to residents of Texas. Nuvei Corporation is not registered to do business in Texas; does not have any sales agents or employees in Texas; has no offices, mailing addresses, facilities, or real or personal property in Texas; has no accounts or telephone listings in Texas; does not pay

taxes in Texas; does not maintain any corporate files in Texas; and does not conduct directors' meetings in Texas. *Id.* at ¶¶ 2, 5-9, 12, 14, 17-18.

Autoscribe's allegations of personal jurisdiction are limited to two paragraphs, neither one of which specifically mentions Nuvei Corporation. The first contains no facts at all; bereft of evidentiary citation, Paragraph 7 merely states that the Defendants, in the aggregate "conduct business within the State of Texas; and Autoscribe's causes of action arise directly form Defendants' business contacts and other activities in the State of Texas, including by virtue of Defendants' infringement in the State of Texas." Compl. at ¶ 7. Conclusory allegations, however, cannot provide jurisdiction. *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 481-82 (E.D. Tex. 2019) ("Plaintiff's conclusory allegations purporting to expound on the actions of the Individual Defendants are insufficient to establish personal jurisdiction over the Individual Defendants.") (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001)).

While Paragraph 8 does allege facts, none of the facts are tied to Nuvei Corporation. Instead, Autoscribe asserts that all "Defendants have customers and partners in Texas such as the New Balance store in Frisco, Texas,[6] Hays Utility North Corporation in southeast Texas,[7] and Sabre Corporation in Southlake, Texas.[8]" Compl. at ¶ 8. Painting with a broad brush, Autoscribe does not identify which Defendant allegedly sells services to the alleged "customers and partners in Texas."

Nor can it. As a holding company, Nuvei Corporation is not involved in "making, using, offering to sell, selling, and/or importing into the United States" the allegedly infringing service. Compl. at ¶ 23; Ex. 1 (Piercey Decl.) at ¶¶ 8-9 . Nuvei Corporation is not registered to do business in any state in the United States, including Texas. *Id.* at ¶¶ 12; Ex. 6 (Texas Taxable Entity Search

Results "Nuvei"). The evidence shows that Nuvei Corporation undertakes no business in Texas at all and directs no activities to this forum.

The mere fact that Nuvei Corporation is the corporate parent of the other named Defendants is insufficient for this Court to exercise personal jurisdiction over Nuvei Corporation. Under Fifth Circuit precedent, "the mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent . . . ." *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990); *see also Shaffer v. Heitner*, 433 U.S. 186, 216 (1977) (ownership of shares in a corporation located in a particular forum is not purposeful availment of that forum). Similarly, this Court has found that the mere relationship between corporate entities is insufficient to assert personal jurisdiction. *B/E Aero., Inc. v. Zodiac Aero.*, 2018 U.S. Dist. LEXIS 220294, at *7-14 (E.D. Tex. Nov. 29, 2018) (holding that "if the Court were to ignore corporate form in this case, there would rarely be a case in which corporate form would be respected").

That Nuvei Corporation is a holding company that does not "mak[e], us[e], offer[] to sell, sell[], and/or import[] into the United States" the allegedly infringing service is further dispositive of the second prong of the analysis. Compl. at ¶ 6. Autoscribe cannot assert that its claim for patent infringement "arises out of" Nuvei Corporation's activities when Nuvei Corporation's only activity is ownership of subsidiary Defendants. *See, e.g.*, *B/E Aero.*, 2018 U.S. Dist. LEXIS 220294, at *7-14.

Finally, Nuvei Corporation's lack of contacts in Texas confirms that maintenance of Autoscribe's action over Nuvei Corporation would "offend 'traditional notions of fair play and substantial justice'" because Nuvei Corporation could not reasonably have anticipated being hailed into this Court to defend this lawsuit. *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (internal quotation omitted). Indeed, all five *Burger King* factors either favor Nuvei Corporation

or are neutral. *See Burger King*, 471 U.S. at 477 ((1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies). As a Canadian company with no presence in Texas being asked to litigate in a Texas court, the burden on Nuvei Corporation is high. All of Nuvei Corporation's documents and personnel will be in Canada, not Texas. Ex. 1 (Piercey Decl.) at ¶¶ 6, 8-9, 12, 14, 17-18. As neither any Defendant nor Autoscribe is a Texas corporation, Texas courts have no interest in this dispute. Further, as Autoscribe is a Maryland corporation headquartered in Florida, Autoscribe does not have an interest in securing relief in Texas. Fourth, there is no interstate concern rendering inefficiencies between multiple courts. And fifth, because there is no multiple states issue here, there is no concern about the "shared interest of the states in furthering fundamental substantive social policies."

Accordingly, this Court lacks specific personal jurisdiction over Nuvei Corporation. The Court should therefore dismiss Nuvei Corporation under Rule 12(b)(2) for lack of personal jurisdiction.

## 2. Autoscribe Cannot Show That This Court Has General Jurisdiction Over Nuvei Corporation

This Court does not have general jurisdiction over Nuvei Corporation. For a corporation, the "paradigm forum for the exercise of general jurisdiction is . . . one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (emphasis added). A corporation's "home" generally refers to its "domicile, place of incorporation, and principal place of business." *Id*.

Nuvei Corporation is only at home in Canada, where it is domiciled. Compl. at ¶ 2; Ex. 1 (Piercey Decl.) at ¶ 2. While Nuvei Corporation has a subsidiary in Texas, the existence of such a

subsidiary does not confer general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 135 (2014) (holding that a foreign corporation is not subject to general jurisdiction based on the contacts of an in-state subsidiary); *Goodyear*, 564 U.S. at 928 (rejecting a "stream of commerce" theory to support general jurisdiction over a foreign corporate parent).

Accordingly, this Court lacks general personal jurisdiction over Nuvei Corporation. The Court should therefore dismiss Nuvei Corporation under Rule 12(b)(2) for lack of personal jurisdiction.

**B. Autoscribe Cannot Sustain Its Burden to Show Personal Jurisdiction over Nuvei Technologies Corp**

**1. <u>Autoscribe Cannot Show That This Court Has Specific Jurisdiction Over Nuvei Technologies Corp</u>**

The Court should dismiss NTC for lack of personal jurisdiction. As with Nuvei Corporation, Autoscribe cannot meet its burden to show that NTC meets any prong of the *Nuance* test. Autoscribe fails on the first prong because it cannot show that NTC performs any activities in the United States, let alone in the Eastern District of Texas. NTC is a Canadian company that is an indirect parent NTI. Ex. 1 (Piercey Decl.) at ¶¶ 3, 5, 7. Any activities undertaken are conducted in Canada, not in Texas. *Id.* at ¶ 11. NTC is not registered to do business in Texas, does not have any sales agents or employees in Texas; has no offices, mailing addresses, facilities, or real or personal property in Texas; has no accounts or telephone listings in Texas; does not pay taxes in Texas; does not maintain any corporate files in Texas; and does not conduct directors' meetings in Texas. *Id.* at ¶¶ 10-11, 13-14, 17-18. Simply put, NTC does not direct any activities to residents of Texas.

As with Nuvei Corporation, Autoscribe's allegations of personal jurisdiction are deficient; they are limited to the same two paragraphs that treat all Defendants in the aggregate. Neither Paragraph 7 nor Paragraph 8 mentions NTC, and neither ties a prospective customer to NTC.

Compl. at ¶¶ 7-8. As with Nuvei Corporation, the evidence shows that NTC undertakes no business in Texas at all.

And as with Nuvei Corporation, the evidence is dispositive of the second prong as well. The only "activities" mentioned are "making, using, offering for sale, selling, or importing various products or services that infringe Autoscribe's Asserted Patent." Compl. at ¶ 6. NTC, however, conducts none of the activities related to the alleged infringement in the United States; NTI is the only Defendant registered in the United States and the only Defendant even plausibly capable of conducting the alleged activities.

Finally, NTC's lack of contacts in Texas confirms that maintenance of Autoscribe's action over Nuvei would "offend 'traditional notions of fair play and substantial justice'" because Nuvei could not reasonably have anticipated being hailed into this Court to defend this lawsuit. *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotation omitted). For the same reasons as Nuvei Corporation, *supra*, all five *Burger King* factors either favor NTC or are neutral: (1) as a Canadian company with no presence in Texas being asked to litigate in a Texas court, the burden on NTC is high and all of NTC's documents and personnel will be in Canada, not Texas, Ex. 1 (Piercey Decl.) at ¶¶ 10-11, 14, 17; (2) as neither any Defendant nor Autoscribe is a Texas corporation, Texas courts have no interest in this dispute; (3) as Autoscribe is a Maryland corporation headquartered in Florida, Autoscribe does not have an interest in securing relief in Texas; (4) there is no interstate concern rendering inefficiencies between multiple courts; and (5) there is no multiple states issue here, so there is no concern about the "shared interest of the states in furthering fundamental substantive social policies."

Accordingly, this Court lacks specific personal jurisdiction over NTC. The Court should therefore dismiss NTC under Rule 12(b)(2) for lack of personal jurisdiction.

**2.  <u>Autoscribe Cannot Show That This Court Has General Jurisdiction Over Nuvei
Technologies Corp</u>**

This Court does not have general jurisdiction over NTC. For a corporation, the "paradigm

forum for the exercise of general jurisdiction is . . . one in which the corporation is fairly regarded

as at home." *Goodyear*, 564 U.S. at 924. A corporation's "home" generally refers to its "domicile,

place of incorporation, and principal place of business." *Id*. Nuvei Technologies Corp. is only at

home in Canada, where it is domiciled. Compl. at ¶ 3; Ex. 1 (Piercey Decl.) at ¶ 3.

Accordingly, this Court lacks general personal jurisdiction over NTC. The Court should

therefore dismiss NTC under Rule 12(b)(2) for lack of personal jurisdiction.

**C.  Nuvei Technologies, Inc. Does Not Have a "Regular and Established Place of
Business" in This District**

Venue is not proper in this District, and this case should be dismissed for failure to meet

the requirements of 28 U.S.C. § 1400(b). It is undisputed that NTI is incorporated in Delaware and

does not "reside" in Texas. Compl. at ¶ 4. Further, NTI has no "regular and established place of

business" in this District. The "main purpose" of the venue statute is to permit venue only where

the defendant has a "permanent" place of business. *See In re Cray*, 871 F.3d at 1361, 1363. For

NTI, this District is ***not*** such a place, and dismissal is proper.

**1.  <u>Nuvei Technologies, Inc. Does Not "Reside" In Texas</u>**

Under the first prong of § 1400(b), a defendant resides ***only*** in the state where it is

incorporated. *TC Heartland*, 581 U.S. at 258 ("'[R]eside[nce]' in § 1400(b) refers only to the State

of incorporation."). It is undisputed that NTI is incorporated in Delaware. Ex. 1 (Piercey Decl.) at

¶ 4; *see also* Compl. at ¶ 4 (Autoscribe alleging "Nuvei Technologies, Inc. is a corporation

organized under the laws of Delaware."). NTI therefore "resides" in Delaware—not Texas—and

venue cannot be established in this District under the first prong of § 1400(b). *See TC Heartland*,

581 U.S. at 269.

**2.  Nuvei Technologies, Inc. Does Not Have a "Regular and Established Place of Business" in This District**

NTI cannot meet the second prong of § 1400(b), because it does not have **any** place of business in this District, let alone a regular and established one. *See* 28 U.S.C. § 1400(b). To find a "regular and established place of business" in this District, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d at 1360. NTI does not have any physical place in this District, much less one that satisfies each of the *In re Cray* requirements.

The first *In re Cray* requirement is that there "must be a physical place in the district." *Id.* at 1362. A "physical place" may be "'[a] building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted," but cannot be a mere "virtual space" or "electronic communications from one person to another." *Id.* (citation omitted). "While the 'place' need not be a 'fixed physical presence in the sense of a formal office or store,' there must still be a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* (quoting *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985)).

The second *In re Cray* requirement is that the physical place "must be a regular and established place of business." *Id.* The place of business may be "regular" if it operates in a "'steady[,] uniform[,] orderly[, and] methodical' manner;" "sporadic activity cannot create venue." *Id.* (citations omitted). "Established" means that the place of business "is not transient" and is "settle[d] certainly, or fix[ed] permanently." *Id.* at 1363 (citations omitted).

The third *In re Cray* requirement is that "the regular and established place of business" must "be a place **of the defendant**." *Id.* (emphasis added). "Relevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id.*

Here, NTI has **no** such physical place in this District. Ex. 1 (Piercey Decl.) at ¶ 15. While Autoscribe alleges, based on a website, that NTI has "a regular and established place of business at 5000 Legacy Drive, Suite 320, Plano, TX 75024," Compl. at ¶¶ 4, 4 n.5, the identification of an address on a website is insufficient to establish that venue is appropriate. In *In re Cray*, the Federal Circuit address this exact issue, stating that "whether the defendant lists the alleged place of business on a website" as a "potentially relevant inquiry," "[b]ut the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location. In the final analysis, the court must identify a physical place, of business, of the defendant." *In re Cray*, 871 F.3d at 1363, 1363-64; *see also Parallel Licensing*, 2022 U.S. Dist. LEXIS 90442, at *13.

*Parallel Licensing* is on point. There, as here, a defendant had listed an address on a website stating that there was an office in the Eastern District of Texas. 2022 U.S. Dist. LEXIS 90442, at *10. In *Parallel Licensing*, as here, the website pointed to an address that was not a current place of business of said defendant. *Id.* In both cases, "a brief visit to the location confirms that it does not have a physical presence there." *Id.* at 11, Ex. 2 (Wendel Decl.) at ¶¶ 2-8, Ex. A; *see also* Ex. 4 (listing tenants at 5000 Legacy Drive). And in both cases, "beyond the website listing, [the plaintiff] points to no other evidence that establishes [the defendant] has a physical location in the Eastern District of Texas." *Parallel Licensing*, 2022 U.S. Dist. LEXIS 90442, at *13. Autoscribe cannot show that Nuvei Technologies, Inc. has any place in the Eastern District of Texas, let alone a regular and established place of business.

Further, while NTI has several remote employees who live in the Eastern District, that alone "does not alone establish that venue in this District is proper." *4Web, Inc. v. Nuvasive, Inc.*, 2024 U.S. Dist. LEXIS 80290, at *7 (E.D. Tex. May 2, 2024) (Gilstrap, J.). NTI does not require

any employees to live in the District. Ex. 1 (Piercey Decl.) at ¶ 16; *see 4Web*, 2024 U.S. Dist. LEXIS 80290, at *8 (citing *In re Cordis*, 769 F.2d 733, 735, 737 (Fed. Cir. 1985)) (holding that where the plaintiff did not plead venue by remote employees and the employees were not required to live in the district, venue was improper); *Uniloc USA, Inc. v. Nutanix, Inc.*, 2017 U.S. Dist. LEXIS 229347, at *9-11 (E.D. Tex. Dec. 6, 2017) (Gilstrap, J) ("Nutanix does not lease, or own any portion of these employees' homes in the Eastern District of Texas. *Id*. at 1364-65. Nutanix's employees do not regularly maintain physical inventory in this District, are 'free to live where they choose as far as the defendant is concerned,' and do not receive reimbursements and support conditioned on their location within this District.") (quoting *In re Cray*, 871 F.3d at 1365). NTI's remote employees have national or international territories, and are therefore not limited to the Eastern District of Texas. Ex. 1 (Piercey Decl.) at ¶ 16; *Uniloc*, 2017 U.S. Dist. LEXIS 229347, at *10 ("Plaintiffs have not offered any compelling evidence that the employees' location in the Eastern District of Texas is material to Nutanix."). NTI's remote employees in the Eastern District of Texas do not receive corporate vehicles, do not store physical NTI products, and do not have NTI-issued phone numbers using area codes in the Eastern District of Texas. Ex. 1 (Piercey Decl.) at ¶ 16; *see In re Cray*, 871 F.3d at 1364-1366. As "venue is not automatically established 'where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant,'" NTI's remote employees do not affect the venue analysis. *Uniloc*, 2017 U.S. Dist. LEXIS 229347, at *10 (quoting *In re Cray*, 871 F.3d at 1365).

Accordingly, this Court should reach the same result as in *Parallel Licensing*: "based on the evidence before it, [Autoscribe] has not met its burden to show that venue is proper." *Id.* NTI should therefore be dismissed for lack of proper venue under § 1400(b).

## VI.     CONCLUSION

As described herein, respectfully, Nuvei Corporation and NTC should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction and NTI should be dismissed pursuant to Rule 12(b)(3) for lack of venue.

DATED: August 15, 2024

Respectfully submitted,

*/s/  Daniel Leventhal*

Brett C. Govett
State Bar No. 08235900
brett.govett@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Fax: (214) 855-8200
brett.govett@nortonrosefulbright.com

Daniel S. Leventhal
State Bar No. 24050923
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Fax: (713) 651-5246
daniel.leventhal@nortonrosefulbright.com

Brett A. McKean
State Bar No. 24057994
Peter Hillegas
State Bar No. 24101913
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Telephone: (512) 474-5201
Fax: (512) 536-4598
brett.mckean@nortonrosefulbright.com
peter.hillegas@nortonrosefulbright.com

***Counsel for Defendants Nuvei Corporation,
Nuvei Technologies Corp., and Nuvei
Technologies, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 15, 2024, a true and correct copy of the above and foregoing document was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure.

/s/      *Peter Hillegas*
Peter Hillegas