**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Autoscribe Corporation, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 2:24-cv-325 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| Nuvei Corporation, Nuvei Technologies | § | |
| Corporation, and Nuvei Technologies, Inc., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**DEFENDANTS' RULE 12(B)(2) MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

I.    Introduction ................................................................................................................ 1

II.    Statement of the Issues ............................................................................................. 2

III.    Procedural Background ............................................................................................. 2

IV.    Factual Background .................................................................................................. 4

    A.    The Nuvei Defendants are Foreign Corporations ........................................... 4

    B.    The Documentation and Accused Instrumentalities Websites ........................ 5

    C.    Jurisdictional Discovery Has Been Completed ............................................... 6

    D.    The Eastern District of Texas Has Expended Very Few Judicial Resources on This Case 7

V.    Legal Standard ......................................................................................................... 7

VI.    The Nuvei Defendants Should Be Dismissed for Lack of Personal Jurisdiction ............. 10

    A.    Autoscribe Cannot Show That This Court Has General Jurisdiction Over Any Nuvei Defendant .......................................................................................... 10

    B.    Autoscribe Cannot Show That This Court Has Specific Jurisdiction Over Any Nuvei Defendant .......................................................................................... 11

        1.    No Defendant Has Purposefully Directed Its Activities to Texas ................................. 11

        2.    The Claims Do Not Arise Out of Activities Directed to Texas ..................................... 18

        3.    Jurisdiction Is Not Reasonable and Fair Over the Nuvei Defendants ......................... 24

    C.    Dismissal is Appropriate ............................................................................... 25

VII.    Conclusion ............................................................................................................ 26

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
   160 F.3d 1373 (Fed. Cir. 1998)................................................................................9

*B/E Aero., Inc. v. Zodiac Aero.*,
   2018 U.S. Dist. LEXIS 220294 (E.D. Tex. Nov. 29, 2018) .............................................15, 24

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994)................................................................................7

*Burger King Corp. v. Rudzewics*,
   471 U.S. 462 (1985)................................................................................9, 25

*Calder v. Jones*,
   465 U.S. 783 (1984)................................................................................10, 11

*Campbell Pet Co. v. Miale*,
   542 F.3d 879 (Fed. Cir. 2008)................................................................................10

*Colida v. LG Elecs., Inc.*,
   77 F. App'x 523 (Fed. Cir. 2003) ................................................................................8

*Copylady, LLC v. Copylady, Inc.*,
   2005 U.S. Dist. LEXIS 54298 (S.D. Tex. June 16, 2005) ................................................22

*Cunningham v. CBC Conglomerate LLC*,
   359 F. Supp. 3d 471 (E.D. Tex. 2019) ................................................................13, 14, 17, 23

*Cunningham v. Upwell Health, LLC*,
   2020 U.S. Dist. LEXIS 145778 (E.D. Tex. July 21, 2020)................................................8, 13, 26

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)................................................................................7

*Dalton v. R&W Marine, Inc.*,
   897 F.2d 1359 (5th Cir. 1990) ................................................................................15

*Freudensprung v. Offshore Technical Servs., Inc.*,
   379 F.3d 327 (5th Cir. 2004) ................................................................................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)................................................................................10

*Johnston v. Multidata Sys. Int'l Corp*,
    523 F.3d 602 (5th Cir. 2008) ........................................................................8

*McFadin v. Gerber*,
    587 F.3d 7530 (5th Cir. 2009) ....................................................................9

*McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011) ............................................................................19, 24

*McZeal v. Fastmobile, Inc.*,
    219 F. App'x 988 (2007) ............................................................................20

*NexLearn v. Allen Interactions, Inc.*,
    859 F.3d 1371 (Fed. Cir. 2017)......................................................11, 19, 21

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010)............................................................ *passim*

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) .............................................................13, 17, 23

*Phonometrics, Inc. v. N. Telecom Inc.*,
    133 F.3d 1459 (Fed. Cir. 1998)....................................................................9

*Princeton Digital Image Corp. v. Facebook, Inc.*,
    2012 U.S. Dist. LEXIS 119432 (E.D. Tex. Aug. 23, 2012) ........................8

*Seiferth v. Helicopteros Atuneros, Inc.*,
    472 F.3d 266 (5th Cir. 2006) ...................................................................8, 9

*Select Rsch., Ltd. v. Amazon.com, Inc.*,
    2024 U.S. Dist. LEXIS 134259 (E.D. Tex. July 30, 2024)........................26

*Stripling v. Jordan Prod. Co.*,
    234 F.3d 863 (5th Cir. 2000) ....................................................................26

*Trintec Indus. v. Pedre Promotional Prods.*,
    395 F.3d 1275 (Fed. Cir. 2005)............................................................10, 21

*United States v. Bestfoods*,
    524 U.S. 51 (1998)......................................................................................9

*Wien Air Alaska, Inc. v. Brandt*,
    195 F.3d 208 (5th Cir. 1999) ......................................................................9

*Willow Bend, L.L.C. v. Downtown ABQ Partners, L.L.C.*,
    612 F.3d 390 (5th Cir. 2010) ...........................................................8, 13, 18

**Rules and Statutes**

Federal Rule of Civil Procedure 12(b)(2) ....................................................................................1, 27

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | Declaration of V. Piercey |
| 2 | Declaration of M. Darrin |
| 3 | Nuvei's First Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories (Nov. 4, 2024) |
| 4 | https://docs.nuvei.com/documentation/home/ |
| 5 | https://docs.nuvei.com/api/main/indexMain_v1_0.html?json#Introduction |
| 6 | Texas Business Entity Search, "NEW BALANCE ATHLETICS, INC."; available at https://mycpa.cpa.state.tx.us/coa/ (last accessed Nov. 26, 2024) |
| 7 | New Balance Brighton HQ; available at https://jobs.newbalance.com/global/en/brighton-hq (last accessed Nov. 26, 2024) |
| 8 | Annual Information Form, Ex. 99.1 |
| 9 | https://docs.nuvei.com/documentation/accept-payment/payment-page/quick-start-for-payment-page/ |

Defendants Nuvei Corporation, Nuvei Technologies Corp., Nuvei Limited, and Nuvei International Group Limited ("Nuvei Defendants") move for dismissal of Plaintiff Autoscribe Corporation's ("Autoscribe") First Amended Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## I.    INTRODUCTION

After receipt of Nuvei Corporation and Nuvei Technology Corporation's motion to dismiss for lack of personal jurisdiction and Nuvei Technologies, Inc.'s motion to dismiss for improper venue, Dkt. 15, along with substantial jurisdictional discovery, Autoscribe elected not to defend its Original Complaint. Instead, Autoscribe filed its First Amended Complaint ("FAC"). Dkt. 35. The First Amended Complaint <u>dropped</u> Nuvei Technologies, Inc., the only U.S.-based named entity, continued to name Canadian entities Nuvei Corporation, and Nuvei Technologies Corp., and added two new foreign defendants: Nuvei Limited; and Nuvei International Group Limited. None of the Nuvei Defendants are located in the United States, have contacts with the United States, or target customers in the United States.

Despite acknowledging that it has sued four separate corporate entities, FAC at ¶¶ 2–5, and despite completion of Autoscribe's requested jurisdictional discovery, Autoscribe fails to properly allege any form of personal jurisdiction. The First Amended Complaint frames the majority of the two-paragraph section of jurisdictional allegations using "Nuvei Defendants" and "Defendants" to avoid even alleging personal jurisdiction on a defendant-by-defendant basis. FAC at ¶¶ 8-9. Indeed, the First Amended Complaint does not include a single allegation specific to either Nuvei Corporation or Nuvei Technologies Corp., the two remaining defendants from the Original Complaint. *Id.* The First Amended Complaint also refers to "users" and "merchants and service providers in Texas," but (having voluntarily dropped the only U.S.-based Nuvei entity from the Original Complaint) does not allege that any of the entities are customers of any of the four named

1

defendants. *Id.* Regardless, both the First Amended Complaint's vague allegations and those specific to Nuvei Limited and Nuvei International Group Limited, at best, relate to passive websites. *Id*. The First Amended Complaint includes no allegations that would make those passive websites sufficient to support personal jurisdiction against <u>any</u> Nuvei Defendant.

Autoscribe fails to meet its burden to show that the Court has personal jurisdiction over any defendant, and the Court should dismiss the case.

## II.    STATEMENT OF THE ISSUES

Whether Autoscribe has met its burden to show that the Eastern District of Texas has personal jurisdiction over Nuvei Corporation.

Whether Autoscribe has met its burden to show that the Eastern District of Texas has personal jurisdiction over Nuvei Technologies Corp.

Whether Autoscribe has met its burden to show that the Eastern District of Texas has personal jurisdiction over Nuvei Limited.

Whether Autoscribe has met its burden to show that the Eastern District of Texas has personal jurisdiction over Nuvei International Group Limited.

## III.    PROCEDURAL BACKGROUND

Autoscribe first brought suit on May 3, 2024, alleging that Nuvei Corporation, Nuvei Technologies Corp., and Nuvei Technologies, Inc. ("Original Nuvei Defendants") infringed the '621 Patent ("Action"). Following Nuvei Technologies, Inc.'s motion to dismiss for lack of venue and Nuvei Corporation's and Nuvei Technologies Corp.'s motion to dismiss for lack of personal jurisdiction, Dkt. 15, the Parties agreed to and completed venue and jurisdictional discovery. Dkts. 18 (Unopposed Mot. on Venue and Jurisdictional Discovery), 20 (Order Granting Venue and Jurisdictional Discovery), 30 (Notice of Compliance with Order on Venue and Jurisdictional Discovery).

After completion of venue and jurisdictional discovery, Autoscribe filed its First Amended Complaint on November 11, 2024, wherein it dropped Nuvei Technologies, Inc., again alleged infringement against Nuvei Corporation and Nuvei Technologies Corp., and added two new foreign defendants: Nuvei Limited and Nuvei International Group Limited.

The entirety of the First Amended Complaint's allegations of jurisdiction across all four Nuvei Defendants span just two paragraphs, which fail to describe whether Autoscribe is asserting general or specific jurisdiction:

> 8. Specifically, Defendant Nuvei International Group, Limited, a subsidiary of Nuvei Corporation and Nuvei Technologies Corporation, stores, processes, and transmits account data through its Nuvei Payment Gateway, tokenization service, and payment page. Defendant Nuvei Limited, also a subsidiary of Nuvei Corporation and Nuvei Technology Corporation, owns and administers the secure servers where the storage, processing, and transmission of account data occurs. The Nuvei Defendants make the Nuvei Payment Gateway, tokenization service, and payment page available for Americans to access and integrate into their e-commerce businesses at https://docs.nuvei.com/documentation/home/ and https://docs.nuvei.com/api/main/indexMain_v1_0.html?json#Introduction, including citizens of the Eastern District of Texas. Using these products causes such users to directly infringe Plaintiffs' 11,620,621 Patent (described further below). These products "enable[] online merchants and service providers to process consumer payments through Nuvei's digital payment Gateway."[9] Such merchants and service providers in Texas include the New Balance store in Frisco, Texas,[10] Hays Utility North Corporation in southeast Texas,[11] and Sabre Corporation in Southlake, Texas.[12]
>
> 9. Because Defendants' release of instrumentalities like the Nuvei Payment Gateway and payment page on these webpages actively allow, enable, and/or contribute to citizens of the Eastern District of Texas infringing the 11,620,621 Patent, this Court has personal jurisdiction over all Defendants.

FAC at ¶¶ 8–9 (internal footnotes omitted). All but two of the allegations fail to address a specific defendant; instead, Autoscribe uses terms such as "Nuvei Defendants" and "Defendants" to make allegations writ large, and refers to "users" and "service providers" untethered to any specific Nuvei Defendant. *Id.* Further, Autoscribe's specific allegations for personal jurisdiction are also vague, using terms such as "Nuvei Payment Gateway, tokenization service, and payment page"

that are different than but may potentially track parts of the accused "Payment Page," "Simply Connect," and "Web SDK" instrumentalities. *Compare id.* at ¶¶ 8-9 *with id.* at ¶ 20. Interpreting these vague allegations charitably, they appear to at best reference a "Documentation Website" and an "Accused Instrumentality Website," discussed in Section IV.B, below.

## IV.    FACTUAL BACKGROUND

### A.  The Nuvei Defendants are Foreign Corporations

Autoscribe alleges that Nuvei Corporation and Nuvei Technologies Corp. are "corporation[s] organized under the laws of Canada," Nuvei Limited "is a corporation organized under the laws of Cyprus," and Nuvei International Group Limited "is a corporation organized under the laws of Guernsey." FAC at ¶¶ 2–5. None of the Nuvei Defendants maintain any presence in the United States or Texas. Ex. 1 (Piercey Decl.) at ¶¶ 7, 9, 17; Ex. 2 (Darrin Decl.) at ¶ 4.

Nuvei Corporation is a holding company that was the ultimate parent company of Nuvei Technologies Corp., Nuvei Limited, and Nuvei International Group Limited as of the time of the Original and Amended Complaints. Ex. 1 (Piercey Decl.) at ¶ 4. Nuvei Corporation "does not control or direct any of the various activities" of Nuvei Technologies Corp., Nuvei Limited, or Nuvei International Group Limited. *Id.* at ¶ 5. As of November 28, 2024, Nuvei Corporation merged with Nuvei Technologies Corp. Ex. 1 (Piercey Decl.) at ¶ 23.

Nuvei Technologies Corp. was a subsidiary of Nuvei Corporation and is the indirect parent of both Nuvei Limited and Nuvei International Group Limited. *Id.* at ¶ 4; *see id.* at ¶ 23 (describing the merger of Nuvei Corporation and Nuvei Technologies Corp.). Nuvei Technologies Corp. "does not control or direct any of the various activities" of either Nuvei Limited or Nuvei International Group Limited. *Id.* at ¶ 5.

Nuvei International Group Limited was a subsidiary of Nuvei Technologies Corp.[1] Nuvei International Group Limited is a holding company with no assets, no employees, and no operations. Nuvei International Group Limited "does not control or direct any of the various activities" of Nuvei Limited. Ex. 1 (Piercey Decl.) at ¶ 16.

Nuvei Limited is a subsidiary of Nuvei International Group Limited. Ex. 2 (Darrin Decl.) at ¶ 3. Nuvei Limited owns and operates the servers hosting the Accused Instrumentalities. Ex. 3 (Nuvei's Supp. Interrog. Resps.) at 12.

**B. The Documentation and Accused Instrumentalities Websites**

The First Amended Complaint's jurisdictional allegations identify two web pages: https://docs.nuvei.com/documentation/home/ and https://docs.nuvei.com/api/main/indexMain_v1_0.html?json#Introduction (collectively, "Documentation Websites"). FAC at ¶ 8. These web pages merely provide documentation; they do not allow users to enter into contractual agreements with any of the Nuvei Defendants or provide a direct means to buy products from or sell products to any of the Nuvei Defendants. Exs. 4–5 (cited docs.nuvei.com websites).

The First Amended Complaint's jurisdictional allegations also vaguely reference the "Nuvei Payment Gateway, tokenization service, and payment page," which are different than but may potentially track parts of the accused "Payment Page," "Simply Connect," and "Web SDK" instrumentalities. *Compare* FAC at ¶¶ 8–9 *with id.* at ¶ 20. Elsewhere, Autoscribe has accused API services associated with the "Payment Page," "Simply Connect," and "Web SDK," including https://secure.safecharge.com/ppp/purchase.do ("Accused Instrumentality Servers"). Autoscribe knows from jurisdictional discovery that the servers hosting these services are located at 1 Banbury

---

[1] Nuvei International Group Limited remains a subsidiary of the post-merger Nuvei Corporation entity.

Ave, Slough SL1 4LH, UK and Schepenbergweg 42, 1105 AT Amsterdam, Netherlands and are hosted and operated by Nuvei Limited. Ex. 3 (Nuvei's Supp. Interrog. Resps.) at 12.

The First Amended Complaint alleges that a successful request to https://secure.safecharge.com/ppp/purchase.do must include a number of "Minimum (Required) Input Parameters" that require that the requesting party <u>be a previously established customer of a Nuvei entity</u>. FAC at 15 (screenshot); Ex. 9 (Quick Start for Payment Page). These parameters include a "merchant_id," which is "[t]he vendor's unique identification number <u>provided by Nuvei</u>," and a "merchant_site_id," which is "[t]he vendor website's unique identification number <u>provided by Nuvei</u>." FAC at 15 (screenshot). The First Amended Complaint does not allege that any of the four Nuvei Entities (as opposed to, for example, U.S.-based Nuvei Technologies Inc., which Autoscribe elected to drop rather than defend its venue allegations) provides these required parameters to any U.S. merchants. *See id.* at ¶¶ 8–9. Nor does the First Amended Complaint allege that the website itself provides these parameters. *See id.* Thus, contrary to the First Amended Complaint's conclusory assertion that the "Nuvei Defendants make the Nuvei Payment Gateway, tokenization service, and payment page available for Americans to access," the specific documentation the First Amended Complaint cites elsewhere demonstrates that there is no "access" to any services for any American merchant without the minimum "required" parameters, which the First Amended Complaint does not allege any of the four Nuvei Entities provide to any U.S. merchants.

### C. Jurisdictional Discovery Has Been Completed

Jurisdictional discovery has already taken place. Following the Original Nuvei Defendants' motion to dismiss for lack of personal jurisdiction and venue, Dkt. 15, the Court granted Autoscribe's unopposed request for jurisdictional discovery. Dkts. 18, 20. In response, the Nuvei Original Defendants produced approximately 1600 pages of documents and responded to eight

interrogatory requests. The Original Nuvei Defendants confirmed that Nuvei Corporation and Nuvei Technologies Corporation have no Texas customers, no employees in the United States, let alone Texas, and no employees that oversee, edit, manage, or administer Nuvei social media. *See* Ex. 3 (Nuvei's Supp. Interrog. Resps.) at 13, 16–17. Autoscribe did not seek any additional discovery.

**D. The Eastern District of Texas Has Expended Very Few Judicial Resources on This Case**

This case is in its infancy. Defendants have not yet answered, Autoscribe has not served infringement contentions compliant with the First Amended Complaint, Defendants have not served invalidity contentions, only the Court's ordered jurisdictional discovery has taken place, and this is the second substantive motion filed by any Party (following the Original Defendants' Motion to Dismiss for Lack of Venue and Jurisdiction, Dkt. 15, mooted by Autoscribe's First Amended Complaint). Thus, the Court has invested relatively little time in this Action or the technology and claims at issue.

**V.    LEGAL STANDARD**

The law of the Federal Circuit governs the question of personal jurisdiction in patent infringement cases. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564–65 (Fed. Cir. 1994). Personal jurisdiction may be general or specific. The exercise of general personal jurisdiction is limited to where a corporation's affiliations with the forum are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127, 138–39 (2014) (presence of in-state subsidiary does not suffice); *Helicopteros Nacionales de Colombia*, S. A. v. Hall, 466 U.S. 408, 415–16 (1984) (no general jurisdiction over party who did not have a place of business in Texas and was not licensed to do business there). This "test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."

*Johnston v. Multidata Sys. Int'l Corp*, 523 F.3d 602, 609 (5th Cir. 2008) ("Random, fortuitous, or attenuated contacts are not sufficient.").

Specific jurisdiction may exist where the cause of action arises from or relates to defendant's contacts with the forum state. *Helicopteros*, 466 U.S. at 414. "The Federal Circuit applies a three-prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). "In response to a challenge regarding personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Princeton Digital Image Corp. v. Facebook, Inc.*, 2012 U.S. Dist. LEXIS 119432, at *5 (E.D. Tex. Aug. 23, 2012).

Jurisdiction is determined individually, on a defendant-by-defendant basis. *Willow Bend, L.L.C. v. Downtown ABQ Partners, L.L.C.*, 612 F.3d 390, 392 (5th Cir. 2010); *Cunningham v. Upwell Health, LLC*, 2020 U.S. Dist. LEXIS 145778, at *17 n.11 (E.D. Tex. July 21, 2020) ("Plaintiff must set forth the factual allegations regarding each Defendant for each claim asserted, including facts that establish personal jurisdiction over each Defendant.") (emphasis added). "[T]he proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004). Absent a showing that any specific corporate entity is subject to personal jurisdiction on its own merits, dismissal is warranted. *Colida v. LG Elecs., Inc.*, 77 F. App'x 523, 525–26 (Fed. Cir. 2003); *see also Helicopteros*, 466 U.S. at 417 (The "unilateral activity of another party or a third

person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

A parent corporation may be directly involved in the activities of its subsidiaries without the subsidiaries' activities being imputed to the parent. *United States v. Bestfoods*, 524 U.S. 51, 72 (1998). In general, corporate form must not be disregarded "unless specific, unusual circumstances call for an exception" or "unless there is at least specific intent to escape liability for a specific tort." *See 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1380, 1380–81 (Fed. Cir. 1998) (citations omitted) ("[C]orporate form is not to be lightly cast aside."); *see also Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998). Unusual circumstances justifying disregard for corporate form can be contrasted with routine parental involvement, which may include activities such as monitoring the subsidiary's performance, supervising finance and budget decisions, and articulating general policies and procedures. *Bestfoods*, 524 U.S. at 72.

"If the plaintiff successfully satisfies the first two prongs [of the specific jurisdiction analysis], the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King Corp. v. Rudzewics*, 471 U.S. 462, 477 (1985). "[I]t is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## VI.    THE NUVEI DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Autoscribe's First Amended Complaint fails to present a *prima facie* showing of personal jurisdiction over <u>any</u> defendant. The Court should dismiss the First Amended Complaint.

### A.    Autoscribe Cannot Show That This Court Has General Jurisdiction Over Any Nuvei Defendant

This Court does not have general jurisdiction over any Nuvei Defendant. For a corporation, the "paradigm forum for the exercise of general jurisdiction is . . . one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). A corporation's "home" generally refers to its "domicile, place of incorporation, and principal place of business." *Id*.

Autoscribe's threadbare allegations cannot meet this burden. Autoscribe admits that each of the Nuvei Defendants is only at home abroad: Nuvei Corporation and Nuvei Technologies Corp. in Canada, Nuvei Limited in Cyprus, and Nuvei International Group Limited in Guernsey. FAC at ¶¶ 2–5. Autoscribe does not allege any "continuous and systematic" contacts with Texas. *Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Indeed, Autoscribe has not asserted that any particular defendant has <u>any</u> contacts with Texas or any other part of the United States, other than through two websites–neither of which are alleged to directly target Texas or to conduct sales. *See* Section IV.B, *supra*; *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually."). A website, however, is "insufficient to give rise to general jurisdiction" where it "is not directed at customers in [Texas] and does not appear to have generated any sales in [Texas]." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008). Autoscribe does not so allege, and cannot allege general jurisdiction over any Nuvei Defendant.

The Court should find that it does not have general jurisdiction over any Nuvei Defendant.

**B. Autoscribe Cannot Show That This Court Has Specific Jurisdiction Over Any Nuvei Defendant**

This Court does not have specific jurisdiction over any Nuvei Defendant. To show specific jurisdiction, Autoscribe must apply the Federal Circuit's three-prong test to each Defendant: "whether: (1) the defendant purposefully directed its activities to the forum State; (2) the claims arise out of or relate to those activities (collectively, the minimum contacts prong); and (3) the assertion of jurisdiction is reasonable and fair." *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1376 (Fed. Cir. 2017). Additionally, Autoscribe must specifically allege sufficient facts for *each* Nuvei Defendant. *Calder*, 465 U.S. at 790. Merely lumping their contacts all together—in two paragraphs—is insufficient to establish specific personal jurisdiction. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) ("[G]enerally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business in the forum state."). Despite the benefit of jurisdictional discovery, Autoscribe remains unable to specify *any* Defendant's connection to Texas. The Court should find that there is no specific jurisdiction over any Nuvei Defendant.

**1. <u>No Defendant Has Purposefully Directed Its Activities to Texas</u>**

Despite the aid of jurisdictional discovery, Autoscribe has failed to plead that any Nuvei Defendant has purposefully directed its activities to Texas. The Court should find that it does not have personal jurisdiction over any Nuvei Defendant and dismiss the First Amended Complaint.

**(a) Autoscribe Cannot Sustain Its Burden to Show Specific Jurisdiction Over Nuvei Limited.**

The Court does not have specific jurisdiction over Nuvei Limited. Even with the benefit of jurisdictional discovery, Autoscribe fails to provide more than the most threadbare allegations, which are both incorrect and insufficient to pass the *Nuance* test as a matter of law. First, Autoscribe alleges that "Defendant Nuvei Limited . . . owns and administers the secure servers

11

where the storage, processing, and transmission of account data occurs." FAC at ¶ 8. Autoscribe fails, however, to mention that the servers are located in the United Kingdom and the Netherlands – far outside this Court's jurisdiction. Ex. 3 (Nuvei's Supp. Interrog. Resps.) at 12. Nor does Autoscribe allege that Nuvei Limited's ownership and administration of such servers amounts to purposeful direction or minimum contacts with the United States, let alone Texas. FAC at ¶ 8.

Second, as discussed in Section VI.B.2, below, the servers do not provide purposeful direction or minimum contacts. Nuvei Limited is a Cyprus corporation that is authorized to operate in Europe. Ex. 2 (Darrin Decl.) at ¶ 2. It is not registered to do business in any state in the United States; does not have any sales agents or employees in the United States; has no offices, mailing addresses, facilities, or real or personal property in the United States; has no accounts or telephone listings in the United States; does not pay taxes in the United States; does not maintain any corporate files in the United States; and does not conduct directors' meetings in the United States. *Id.* at ¶¶ 4–8.

Far from alleging purposeful direction, Autoscribe's threadbare allegations of personal jurisdiction are limited to two paragraphs, only one of which mentions Nuvei Limited at all. Paragraph 9 contains no facts; bereft of evidentiary citation, it states that the "Defendants' release of instrumentalities like the Nuvei Payment Gateway and payment page on these webpages actively allow, enable, and/or contribute to citizens of the Eastern District of Texas infringing the 11,620,621 Patent" and that the Court therefore has jurisdiction. FAC at ¶ 9. And Paragraph 8 states that the "Nuvei Defendants" as a whole "make the Nuvei Payment Gateway, tokenization service, and payment page available for Americans to access and integrate into their e-commerce businesses" and that merchants "us[e] these products." FAC at ¶ 8. Conclusory allegations, however, cannot provide jurisdiction, and Autoscribe's broad-brush practices fail to meet the

standard that jurisdiction must be shown as to *each* defendant. *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 481–82 (E.D. Tex. 2019) ("Plaintiff's conclusory allegations purporting to expound on the actions of the Individual Defendants are insufficient to establish personal jurisdiction over the Individual Defendants.") (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–69 (5th Cir. 2001); *Willow Bend, L.L.C. v. Downtown ABQ Partners, L.L.C.*, 612 F.3d 390, 392 (5th Cir. 2010) (holding that personal jurisdiction must be shown on a defendant-by-defendant basis); *Cunningham v. Upwell Health, LLC*, 2020 U.S. Dist. LEXIS 145778, at *17 n.11 (E.D. Tex. July 21, 2020) ("Plaintiff must set forth the factual allegations regarding each Defendant for each claim asserted, including facts that establish personal jurisdiction over <u>each</u> Defendant.") (emphasis added). Further, Autoscribe has failed to plead that Nuvei Limited has reached out to either Texas or the United States, rather than merely having servers that could be accessed from the United States. FAC at ¶ 8; *NexLearn*, 859 F.3d at 1379 ("[A] website  is conceptually no different than operating an out-of-state store. That a store would accept payment from a hypothetical out-of-state resident and ship its product there does not create a substantial connection for an infringement claim between the store and the hypothetical resident's forum State."). Without more, Autoscribe fails to present a *prima facie* showing that that the Court has jurisdiction over Nuvei Limited, let alone meet its burden under *Nuance*.

Autoscribe has failed to plead and cannot point to any actions by Nuvei Limited that were purposefully directed to the United States, let alone Texas. Autoscribe fails to meet its burden to show that the Court has specific personal jurisdiction over Nuvei Limited, and the Court should dismiss the First Amended Complaint as to Nuvei Limited.

> **(b) Autoscribe Cannot Sustain Its Burden to Show Specific Jurisdiction Over Nuvei International Group Limited.**

The Court does not have specific jurisdiction over Nuvei International Group Limited because Autoscribe has not met its burden under the first two factors of the *Nuance* test. Despite 1600 pages of jurisdictional documents produced and eight interrogatories, Autoscribe's sole allegation regarding Nuvei International Group Limited, without citation or evidentiary support, is that "Defendant Nuvei International Group, Limited [sic], a subsidiary of Nuvei Corporation and Nuvei Technologies Corporation, stores, processes, and transmits account data through its Nuvei Payment Gateway, tokenization service, and payment page." FAC at ¶ 8.

Autoscribe's allegation is illustrative of its lack of pre-suit or ongoing investigation. Just as with the original complaint, where Autoscribe attempted to assert venue based on the location of an acquired bank that had been closed and vacated years prior, *see* Dkt. 15 at 3–4, 15–16, Autoscribe now claims the impossible. Nuvei International Group Limited is an inactive holding company; it has no physical locations, no employees, no assets, and no activities at all. Ex. 1 (Piercey Decl.) at ¶¶ 16–21. Nuvei International Group Limited is not registered to do business in any state in the United States; has no accounts or telephone listings in the United States; does not pay taxes in the United States; does not maintain any corporate files in the United States; and does not conduct directors' meetings in the United States – or at all. *Id.* at ¶¶ 16–22. And as Autoscribe states in its First Amended Complaint, it was unable to find a "resident agent" for Nuvei International Group Limited. FAC at ¶ 5. Laid against that backdrop, it is unclear how Autoscribe believes that it conducted a reasonable inquiry to allege that Nuvei International Group Limited "stores, processes, and transmits account data through its Nuvei Payment Gateway, tokenization service, and payment page," FAC at ¶ 8, let alone meet its burden to show that Nuvei International Group Limited both purposefully directed activities to Texas and that the claims arise out of or relate to those activities. *Nuance*, 626 F.3d at 1231; *Cunningham v. CBC*, 359 F. Supp. 3d at 481–

82 ("Plaintiff's conclusory allegations purporting to expound on the actions of the Individual Defendants are insufficient to establish personal jurisdiction over the Individual Defendants.").

As Nuvei International Group Limited has no contacts with Texas or the United States and conducts no activities whatsoever, the Court should dismiss Nuvei International Group Limited for lack of personal jurisdiction.

### (c) Autoscribe Cannot Sustain Its Burden to Show Specific Jurisdiction Over Nuvei Corporation.

The Court does not have specific jurisdiction over Nuvei Corporation. Because Nuvei Corporation is a foreign holding company that neither manufactures nor sells any products, *see* Section IV(A), *supra*, Autoscribe cannot meet its burden to show that the first two prongs of the *Nuance* test are met.

Despite requesting and receiving jurisdictional discovery regarding Nuvei Corporation, Autoscribe raises no new jurisdictional theories regarding Nuvei Corporation – or any theories at all. Autoscribe's only statements regarding Nuvei Corporation are that it is a corporate parent of the other Nuvei Defendants. The fact that Nuvei Corporation is the corporate parent of the other named Defendants, however, is insufficient for this Court to exercise personal jurisdiction over Nuvei Corporation. Under Fifth Circuit precedent, "the mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent . . . ." *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990). Similarly, this Court has found that the mere relationship between corporate entities is insufficient to assert personal jurisdiction. *B/E Aero., Inc. v. Zodiac Aero.*, 2018 U.S. Dist. LEXIS 220294, at *7–14 (E.D. Tex. Nov. 29, 2018) (holding that "if the Court were to ignore corporate form in this case, there would rarely be a case in which corporate form would be respected"). Autoscribe pleads no more than the parent-subsidiary relationship, and therefore its allegations fail.

As was discussed in the Original Defendants' motion to dismiss, Autoscribe further fails the first prong because it cannot show that Nuvei Corporation performs any *per se* "activities" at all, let alone activities that are purposefully directed at residents of this or any other forum in the United States. Dkt. 15 at 7–11. Nuvei Corporation is a Canadian holding company that owns the other named Defendants. *Id.*; Ex. 1 (Piercey Decl.) at ¶ 4; Ex. 8 (Annual Information Form, Ex. 99.1) at 49 ("Nuvei is a corporation under the CBCA. Our material assets are our direct and indirect equity interests in our subsidiaries, including our international subsidiaries. We are, therefore, dependent upon payments, dividends and distributions from our subsidiaries for funds to pay our holding company's operating and other expenses and to pay future cash dividends or distributions, if any, to holders of our Subordinate Voting Shares, and we may have tax costs in connection with any dividend or distribution."). Its main business is to own its subsidiaries. Ex. 1 (Piercey Decl.) at ¶ 5; Ex. 8 (Annual Information Form, Ex. 99.1) at 49. Any activities undertaken are conducted in Canada, not in the United States, let alone Texas. Ex. 1 (Piercey Decl.) at ¶¶ 3–8. As a result, Nuvei Corporation has not directed any activities to residents of Texas. Nuvei Corporation is not registered to do business in any state in the United States; does not have any sales agents or employees in the United States; has no offices, mailing addresses, facilities, or real or personal property in the United States; has no accounts or telephone listings in the United States; does not pay taxes in the United States; does not maintain any corporate files in the United States; and does not conduct directors' meetings in the United States. *Id.* at ¶¶ 3–8, 13–14; Ex. 3 (Nuvei's Supp. Interrog. Resps.) at 16–17.

Despite receiving jurisdictional discovery, Autoscribe does not attempt to address these shortfalls. Autoscribe's allegations of personal jurisdiction are limited to two paragraphs, neither one of which specifically mentions Nuvei Corporation beyond stating that it is a corporate parent.

Paragraph 9 contains no facts; bereft of evidentiary citation, it states that the Defendants, in the aggregate "release of instrumentalities like the Nuvei Payment Gateway and payment page on these webpages actively allow, enable, and/or contribute to citizens of the Eastern District of Texas infringing the 11,620,621 Patent" and that the Court therefore has jurisdiction. FAC at ¶ 9. Conclusory allegations, however, cannot provide jurisdiction. *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 481–82 (E.D. Tex. 2019) ("Plaintiff's conclusory allegations purporting to expound on the actions of the Individual Defendants are insufficient to establish personal jurisdiction over the Individual Defendants.") (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–69 (5th Cir. 2001)).

While Paragraph 8 does allege facts, none of the facts are tied to Nuvei Corporation. Instead, Autoscribe asserts that, in aggregate, "Defendants make the Nuvei Payment Gateway, tokenization service, and payment page available for Americans to access and integrate into their e-commerce businesses" and that merchants "us[e] these products." FAC at ¶ 8. Painting with a broad brush, Autoscribe does not identify any Defendant that allegedly makes "the Nuvei Payment Gateway, tokenization service, and payment page available for Americans to access." *Id.* Further, even if it could identify a particular defendant, the cited webpages cannot confer jurisdiction. *See* Section VI(B)(1), *supra; Caddo Sys.*, 2023 U.S. App. LEXIS 25128, *7 (Fed. Cir. Sept. 22, 2023).

In light of Autoscribe's failures to address personal jurisdiction over Nuvei Corporation, the Court should find that no such jurisdiction exists and dismiss Nuvei Corporation.

### (d) Autoscribe Cannot Sustain Its Burden to Show Specific Jurisdiction Over Nuvei Technologies Corp.

The Court does not have specific jurisdiction over Nuvei Technologies Corp. As with Nuvei Corporation, Autoscribe has not pled and cannot meet its burden to show that Nuvei Technologies Corp. meets any prong of the *Nuance* test.

As with Nuvei Corporation, Autoscribe requested and received jurisdictional discovery regarding Nuvei Technologies Corp. As with Nuvei Corporation, Autoscribe raises no new jurisdictional theories, cites no new jurisdictional evidence, and does not address any of Nuvei Technologies Corp.'s prior jurisdictional arguments. And as with Nuvei Corporation, Autoscribe raises no allegations regarding Nuvei Technologies Corp. beyond its existence as a corporate parent – a fact insufficient to confer personal jurisdiction. FAC at ¶ 8; *see* Section VI(B)(4), *supra*.

Autoscribe identifies no activities that Nuvei Technologies Corp. undertakes in the United States, let alone Texas, and does not rebut the allegations in Nuvei Technologies Corp.'s earlier motion to dismiss that any activities are performed in Canada, not in the United States, let alone Texas. Dkt. 15 at 13. Nuvei Technologies Corp. is not registered to do business in Texas; does not have any sales agents or employees in Texas; has no offices, mailing addresses, facilities, or real or personal property in Texas; has no accounts or telephone listings in Texas; does not pay taxes in Texas; does not maintain any corporate files in Texas; and does not conduct directors' meetings in Texas. *Id.*; Ex. 1 (Piercey Decl.) at ¶¶ 9–14. Nuvei Technologies Corp. does not direct any activities to Texas.

Autoscribe's failure to raise any jurisdictional arguments with respect to Nuvei Technologies Corp. is dispositive, and the Court should dismiss Nuvei Technologies Corp. for lack of personal jurisdiction.

### 2. The Claims Do Not Arise Out of Activities Directed to Texas

Autoscribe further fails to establish that the second prong is met by any Nuvei Defendant. Under the three-prong *Nuance* test, not only does Autoscribe need to show that <u>each</u> Nuvei Defendant "purposefully directed its activities to the forum State" (which it has failed to do), but it must also show that the claims at issue "arise out of or relate to those activities." *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1376 (Fed. Cir. 2017). Autoscribe, however, merely asserts

that New Balance, Hays Utility North Corporation, and Sabre Corporation are customers that use the "digital payment Gateway" – activity that is not infringing on its own. Neither the First Amended Complaint nor any cited website indicates a specific product used by any of the alleged customers, whether the "Payment Page," "Web SDK," or "Simply Connect" products alleged in both the Original and First Amended Complaints, or the "server-to-server" product that was dropped. *See* Dkt. 1 at ¶ 19; FAC at ¶ 19. Even if it were able to do so, however, "a single sale of a product in a State does not constitute an adequate basis for asserting specific jurisdiction over an out-of-state defendant." *McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 888–89 (2011). And as noted above, only Hays Utility North Corporation and Sabre Corporation are plausibly alleged to be in the Eastern District of Texas.

As an initial matter, the First Amended Complaint's use of vague collective terms "Nuvei Defendants" and "Defendants" fails to carry Autoscribe's burden to link "releas[ing]" or "mak[ing] available" any of the named websites or services to any of Nuvei International Group Limited, Nuvei Corporation, or Nuvei Technologies Corp. FAC at ¶¶ 8–9. Autoscribe is aware from jurisdictional discovery that the servers hosting these services are located at 1 Banbury Ave, Slough SL1 4LH, UK and Schepenbergweg 42, 1105 AT Amsterdam, Netherlands and are hosted and operated by Nuvei Limited. Ex. 3 (Nuvei's Supp. Interrog. Resps.) at 12. Further, each of the Documentation and Accused Instrumentalities Websites are the type of passive websites that, under relevant precedent, cannot meet either the first or second prongs of the *Nuance* test for specific jurisdiction.

The Documentation Website is insufficient to establish purposeful availment, let alone minimum contacts. While Autoscribe hand-waves jurisdiction, saying that websites are made "available for . . . citizens of the Eastern District of Texas," such is insufficient to meet the *Nuance*

19

test. The Document Website provides information and does not allow users to enter into contractual agreements with <u>any</u> of the Nuvei Defendants or provide a direct means to buy products from or sell products to any of the Nuvei Defendants. *See* Section IV.B, *supra*. In *Nuance*, the Federal Circuit declined to find sufficient contacts where the website in question "promot[ed] the sale of [the infringing] products in California." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010) (emphasis added). And in *Maynard v. Phila. Cervical Collar Co.*, the Federal Circuit held that a "passive website is insufficient to establish purposeful availment for the purpose of due process" because such a "general access web page . . . did not contact users in [the forum state], did not allow users to enter into contractual agreements with the company, and did not target its advertisements towards residents in the forum state." 18 F. App'x. 814, 816 (Fed. Cir. 2001); *see also McZeal v. Fastmobile, Inc.*, 219 F. App'x 988, 988 (2007) (a passive website is "a website which merely supplies information and does not provide interactivity for visitors to sell or purchase products or services").

The Federal Circuit's decision in *Caddo Sys. v. Siemens Aktiengesellschaft (AG)* is on point. There, the Federal Circuit held that there was no specific personal jurisdiction over Siemens AG. In so doing, the Federal Circuit found:

> Siemens AG is a German company, organized and existing under German law, with principal places of business in Munich and Berlin, and it has had no U.S. offices, no U.S. places of business, and no U.S. employees since at least February 2020, before this suit commenced. Siemens AG's website was developed and is maintained and hosted outside the United States, and the website does not provide a direct means to buy products from or sell products to Siemens AG. For those reasons, and for others recited by the district court, we see no error in the district court's conclusions, first, that there was no general jurisdiction over Siemens AG, and second, that there was no specific personal jurisdiction based on the accused conduct – the operation of the Siemens AG website.

2023 U.S. App. LEXIS 25128, *7 (Fed. Cir. Sept. 22, 2023).

As in *Caddo*, all four defendants here are foreign companies, organized and existing under the laws of foreign nations, with principal places of business located abroad. No Nuvei Defendant has an office, place of business, or employees in the United States, and Autoscribe does not allege to the contrary. Ex. 3 (Nuvei's Supp. Interrog. Resps.) at 16; Ex. 1 (Piercey Decl.) at ¶¶ 7, 9, 11–13, 17–20; Ex. 2 (Darrin Decl.) at ¶¶ 4, 7. And, as in *Caddo*, the Documentation Website does not provide a direct means to buy product from any of the Nuvei Entities. Section IV.B, *supra*. The Documentation Website cannot provide specific jurisdiction.

Autoscribe further fails to and cannot plead that the Accused Instrumentality Website meets the *Nuance* test. As with the Document Website, Autoscribe was required to plead that the alleged Defendant running the Accused Instrumentality Website "purposefully availed itself of [Texas]." *NexLearn*, 859 F.3d at 1378. Even an interactive website, used to advertise products, does not provide specific jurisdiction when it "is not directed at customers in [Texas], but instead is available to all customers throughout the country." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005).

The Accused Instrumentality Website does not meet these standards. Autoscribe does not allege that any sales take place through the Accused Instrumentality Website; nor does Autoscribe allege that the Accused Instrumentality Website target any specific region – indeed, Autoscribe's only allegations appear to be that the websites are accessible from anywhere. FAC at ¶ 8. Instead, the Accused Instrumentality Website requires that the requesting party be a previously established customer of a Nuvei entity. Section IV.B, *supra*. Such restriction, however, precludes a finding of either purposeful availment <u>or</u> minimum contacts. A website cannot confer personal jurisdiction where a "username and password [were] necessary to access [interactive] features" of the website and such a username and password "could not be obtained from the website," but rather "could

21

only be acquired through other channels." *Copylady, LLC v. Copylady, Inc.*, 2005 U.S. Dist. LEXIS 54298, at *2 (S.D. Tex. June 16, 2005). The First Amended Complaint, however, does not allege that <u>any</u> Nuvei Defendant has established relationships with or provided the required parameters to <u>any</u> U.S. merchants. *See* FAC at ¶¶ 8–9. As Autoscribe is aware from jurisdictional discovery, customers of U.S.-based Nuvei Technology, Inc. "for the Accused Instrumentalities send payment to [Nuvei Technology, Inc.] for use of the Accused Instrumentalities." Ex. 3 (Nuvei Supp. Interrog. Resps.) at 12. At the same time, no merchant in the United States is a customer of any Nuvei Defendant. *Id.* at 13; Ex. 1 (Piercey Decl.) at ¶¶ 8, 10, 18; Ex. 2 (Darrin Decl.) at ¶ 5.

Further, the documentation cited in the First Amended Complaint precludes a finding of minimum contacts. Autoscribe alleges that a successful request to the Accused Instrumentality Website must include a number of "Minimum (Required) Input Parameters," which requires that the requesting party <u>be a previously established customer of a Nuvei entity</u>. FAC at 15 (screenshot). Ex. 9 (Quick Start for Payment Page). These parameters include a "merchant_id," which is "[t]he vendor's unique identification number <u>provided by Nuvei</u>," and a "merchant_site_id," which is "[t]he vendor website's unique identification number <u>provided by Nuvei</u>." FAC at 15 (screenshot). The First Amended Complaint does not, however, allege that any of the four Nuvei Entities provide these required parameters to any U.S. merchants. *See* FAC at ¶¶ 8–9. Nor does the First Amended Complaint allege that the website itself provides these parameters. *See id.* Thus, contrary to the Autoscribe's conclusory assertion that the "Nuvei Defendants make the Nuvei Payment Gateway, tokenization service, and payment page available for Americans to access," the specific documentation cited by Autoscribe elsewhere in the First Amended Complaint demonstrates that there is no "access" to any services for any American merchant without the minimum "required" parameters, which the First Amended Complaint does

not allege are provided to any U.S. merchant by any of the Nuvei Defendants. *See Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 481–82 (E.D. Tex. 2019) ("Plaintiff's conclusory allegations purporting to expound on the actions of the Individual Defendants are insufficient to establish personal jurisdiction over the Individual Defendants.") (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–69 (5th Cir. 2001)). And as Autoscribe voluntarily dismissed the only Original Nuvei Defendant located in the United States, whom it knew from jurisdictional discovery had customers in the United States, it cannot now assert access was provided by any entity over whom this Court has personal jurisdiction.

Nor do the alleged Texas "customers" meet the minimum requirements test. Autoscribe again fails to tie any particular alleged customer to any particular defendant, let alone one that can do business in the United States. Ex. 1 (Piercey Decl.) at ¶¶ 7–12, 17–19; Ex. 2 (Darrin Decl.) at ¶ 4. Autoscribe's vague allegations do not tie any Accused Instrumentality to any alleged customer - neither the First Amended Complaint nor any cited website indicates a specific product used by any of the alleged customers, whether the "Payment Page," "Web SDK," or "Simply Connect" products alleged in both the Original and First Amended Complaints, or the "server-to-server" product that was dropped. *See* Dkt. 1 at ¶ 19; FAC at ¶ 19.

Further, even if Autoscribe could overcome this hurdle, and it cannot, "a single sale of a product in a State does not constitute an adequate basis for asserting specific jurisdiction over an out-of-state defendant." *McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 888–89 (2011). Autoscribe only alleges use of a "Nuvei Payment Gateway" by Hays Utility North Corporation and Sabre Corporation. It fails to allege <u>sale</u> of any specific product, whether accused or not, and fails to plead that their claims both (1) arise out of the unpled sales, and (2) are sufficient to meet the minimum contacts prong of the *Nuance* test for any specific Defendant. And while Autoscribe

asserts that one merchant of the collective Nuvei Defendants is a New Balance store in Frisco, Texas, Autoscribe's citation states that the New Balance company as a whole is the alleged customer – and New Balance is both headquartered and incorporated in Massachusetts, not Texas. Ex. 6 (New Balance Business Entity Search); Ex. 7 (New Balance HQ website). Autoscribe has not alleged any sale of an infringing product by any defendant to any customer in Texas.

Finally, despite requesting and receiving jurisdictional discovery, Autoscribe makes no allegation of how Nuvei Corporation and Nuvei International Group Limited, holding companies with no customers, assets, or employees, manage to meet the strictures of the *Nuance* test's "minimum contacts" prong. Autoscribe cannot assert that its claim for patent infringement "arises out of" the activities of holding companies when the only potential activity is ownership of subsidiaries. *See, e.g.*, *B/E Aero.*, 2018 U.S. Dist. LEXIS 220294, at *7–14. Similarly, Autoscribe does not allege any particular activity by Nuvei Technologies Corp., including whether Nuvei Technologies Corp. hosts or manages the cited webpages.

Having failed to allege that any Defendant meets the second prong of the *Nuance* test, the Court should find that Autoscribe has failed to sufficiently plead personal jurisdiction over any Defendant and dismiss the First Amended Complaint.

### 3.  Jurisdiction Is Not Reasonable and Fair Over the Nuvei Defendants

The Court should find under the third prong of the *Nuance* test that the assertion of jurisdiction is not reasonable or fair over any Nuvei Defendant. None of the Nuvei Defendants have any contacts in Texas or the United States; maintenance of Autoscribe's action over each would "offend 'traditional notions of fair play and substantial justice'" because none could have reasonably anticipated being hailed into this Court to defend this lawsuit. *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotation omitted).

All five *Burger King* factors either favor each Nuvei Defendant or are neutral. *See Burger King*, 471 U.S. at 477 ((1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies). As foreign companies with no presence in Texas being asked to litigate in a Texas court, the burden on each Nuvei Defendant is high. All of the Nuvei Defendants' documents and personnel are abroad, either in Canada or Europe. Ex. 1 (Piercey Decl.) at ¶¶ 7, 9–14, 17, 20–21; Ex. 2 (Darrin Decl.) at ¶¶ 4, 7. As neither Autoscribe nor any Defendant is a Texas corporation, Texas courts have no interest in this dispute. Further, as Autoscribe is a Maryland corporation headquartered in Florida, Autoscribe does not have an interest in securing relief in Texas. Fourth, there is no interstate concern rendering inefficiencies between multiple courts. And fifth, because there is no multiple states issue here, there is no concern about the "shared interest of the states in furthering fundamental substantive social policies."

Finally, dismissing the <u>named</u> Nuvei Defendants does not leave Autoscribe without a means to obtain relief. Nuvei Technology, Inc. did not dispute personal jurisdiction. Dkt. 15. Autoscribe remains free to pursue claims against Nuvei Technology, Inc. It simply must do so in a venue where Nuvei Technology, Inc. resides or has a regular and established place of business. Accordingly, the Court should find that the third prong favors each Nuvei Defendant and dismiss each for lack of personal jurisdiction.

### C.  Dismissal is Appropriate

The Court should dismiss the First Amended Complaint without leave to amend. While leave to amend should be freely given when justice so requires, "it is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Where a motion to dismiss has previously been filed, jurisdictional

discovery has taken place, the Plaintiff filed an Amended Complaint, and such Complaint still does not "properly address the jurisdictional issues that Defendants have raised in their Motion to Dismiss, it would be futile to grant leave to amend." *Select Rsch., Ltd. v. Amazon.com, Inc.*, 2024 U.S. Dist. LEXIS 134259, at *11 (E.D. Tex. July 30, 2024) ("Despite having multiple 'bites at the apple,' [plaintiff] has failed to establish a prima facie case for personal jurisdiction."); *Cunningham v. Upwell Health, LLC*, 2020 U.S. Dist. LEXIS 145778, at *17 n.11 (E.D. Tex. July 21, 2020) (finding that "Plaintiff has already been given opportunity to amend his Original Complaint and was directly aware of the potential issues with personal jurisdiction" before holding that any further amendment "would be futile").

In response to Autoscribe's original complaint, Nuvei Corporation and Nuvei Technologies Corp. filed a motion to dismiss for lack of personal jurisdiction, laying out the deficiencies in Autoscribe's conclusory allegations. Dkt. 15. At Autoscribe's request, the Parties conducted jurisdictional discovery. Dkts. 18, 20, 30. And yet Autoscribe's First Amended Complaint is, if anything, <u>more</u> conclusory than the original complaint, again failing to address any <u>individual</u> actions taken by any <u>individual</u> Defendant. Autoscribe has had its bites at the apple, and has failed to address the personal jurisdiction issues which were raised by Nuvei Corporation and Nuvei Technologies Corp. and for which it requested jurisdictional discovery. Any further actions would be futile, merely wasting the Parties' time and money.

The Court should dismiss the First Amended Complaint without leave to amend.

## VII.    CONCLUSION

Respectfully, Nuvei Corporation, Nuvei Technologies Corporation, Nuvei Limited, and Nuvei International Group Limited should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

DATED: December 2, 2024

Respectfully submitted,

*/s/  Brett C. Govett*
Brett C. Govett
State Bar No. 08235900
brett.govett@nortonrosefulbright.com
Vlada Wendel
State Bar No. 24131751
vlada.wendel@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Fax: (214) 855-8200
brett.govett@nortonrosefulbright.com

Daniel S. Leventhal
State Bar No. 24050923
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Fax: (713) 651-5246
daniel.leventhal@nortonrosefulbright.com

Brett A. McKean
State Bar No. 24057994
Peter Hillegas
State Bar No. 24101913
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Telephone: (512) 474-5201
Fax: (512) 536-4598
brett.mckean@nortonrosefulbright.com
peter.hillegas@nortonrosefulbright.com

***Counsel for Defendants Nuvei Corporation,
Nuvei Technologies Corp., Nuvei Limited, and
Nuvei International Group Limited.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 2, 2024, a true and correct copy of the above and foregoing document was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure.

/s/   <u><i>Peter Hillegas</i>   </u><br>
Peter Hillegas