# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| Autoscribe Corporation, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 2:24-cv-325 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| Nuvei Corporation, Nuvei Technologies | § | |
| Corporation, and Nuvei Technologies, Inc., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## DEFENDANTS' RESPONSE TO AUTOSCRIBE'S MOTION TO COMPEL ADDITIONAL JURISDICTIONAL DISCOVERY

**TABLE OF CONTENTS**

I.     Introduction ........................................................................................................................... 1

II.    Autoscribe's Motion Should Be Denied for Failure to Show Good Cause ........................... 2

III.   Autoscribe Fails to Make a Preliminary Showing of Jurisdiction ........................................ 5

IV.    Autoscribe Is Not Entitled to the Additional Discovery ...................................................... 5

V.     Autoscribe Continues Using Inaccurate and Debunked Theories ......................................... 7

VI.    Conclusion ............................................................................................................................. 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. GlobalSantaFe Offshore Servs.*,
924 F. Supp. 2d 738 (E.D. La 2013).................................................................................4

*Cartier v. Egana of Switz. (Am.) Corp.*,
No. 3:08-CV-0001-D, 2009 U.S. Dist. LEXIS 18495 (N.D. Tex. Mar. 11,
2009) ..................................................................................................................................2

*Dillon v. Davis*,
2021 U.S. Dist. LEXIS 273731 (S.D. Miss. Nov. 8, 2021).......................................3

*Graftech Int'l Holdings, Inc. v. GC&S Co., Ltd.*,
No. 2:12-cv-00720-JRG (E.D. Tex. Apr. 8, 2024) (JRG) ....................................4, 5

*Grant v. City of Hous.*,
625 F. App'x 670 (5th Cir. 2015) ...............................................................1, 2, 3, 4

*Maynard v. Phila. Cervical Collar Co.*,
18 F. App'x. 814 (Fed. Cir. 2001) .........................................................................5

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010)..............................................................................5

*Potter v. Cardinal Health 200, LLC*,
381 F. Supp. 3d 729 (E.D. Tex. 2019)...................................................................6

*Puig v. Citibank, N.A.*,
514 F. App'x 483 (5th Cir. 2013) ........................................................................2, 3

*S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*,
315 F.3d 533 (5th Cir. 2003) .................................................................................2

**Rules and Statutes**

Fed. R. Civ. P. 16(b)(4)......................................................................................................1, 2

## TABLE OF EXHIBITS

| Exhibit | Title |
|---------|-------|
| 1 | Excerpt of September 16, 2024 email chain from P. Hillegas re: Autoscribe v. Nuvei: Discovery related to Venue and Jurisdiction |
| 2 | Defendants' Nov. 4, 2024 Supplemental Objections and Responses to Autoscribe's Jurisdictional Interrogatories |
| 3 | October 14, 2024 email from P. Hillegas producing documents |
| 4 | October 15, 2024 email from P. Hillegas producing documents |
| 5 | October 25, 2024 letter from A. Peterson |
| 6 | Excerpt of October 30, 2024 email from P. Hillegas responding to October 25, 2024 letter from A. Peterson |
| 7 | December 10, 2024 email from A. Peterson regarding additional discovery request |
| 8 | Franchise Tax Account Status Search ("SafeCharge") |
| 9 | Franchise Tax Account Status Search ("Nuvei") |

## I.    INTRODUCTION

The time for jurisdictional discovery has passed. The Court granted Autoscribe's prior
<u>unopposed</u> request for jurisdictional discovery, with that discovery period closing October 14,
2024. Dkt. 20. The then-named Nuvei Defendants provided discovery—answering all eight
permitted interrogatories and producing thousands of pages of documents. Nuvei went above and
beyond, providing supplemental interrogatory responses when Autoscribe raised complaints two
weeks after the discovery period had expired. Having received that discovery, Autoscribe declined
to defend its Original Complaint (Dkt. 1) and, instead, filed a First Amended Complaint (Dkt. 35)
("FAC") that: (a) removed the only U.S.-based entity as a defendant (and deleted prior inaccurate
assertions that the entity had a Plano place of business); (b) removed all allegations of direct
infringement, having learned that the servers for the accused services are overseas; (c) maintained
claims against two Canadian Nuvei entities without adding **any** new allegations specific to those
entities to support personal jurisdiction; and (d) added two more foreign entities as defendants
apparently based on the jurisdictional discovery received.

In the face of another motion to dismiss the FAC for lack of personal jurisdiction,
Autoscribe again declines to defend its complaint and, instead, brings a Motion to Compel
Additional Jurisdictional Discovery (Dkt. 45) ("Motion"). Granting Autoscribe's Motion would
require extending the jurisdictional discovery period the Court previously set, an act that requires
good cause that the Motion does not attempt to show. *See* Fed. R. Civ. P. 16(b)(4); *Grant v. City
of Hous.*, 625 F. App'x 670, 679 (5th Cir. 2015). Beyond failing the initial threshold of establishing
good cause, the Motion makes multiple indefensible assertions, alleging (1) Defendants have a
Texas presence despite removing those erroneous allegations from its FAC, and (2) that one
foreign entity may have Texas customers, despite interrogatory responses and follow-up
correspondence confirming the contrary. The Motion also raises broader concerns: If the

jurisdictional discovery Autoscribe already received was insufficient to support jurisdiction, what was the good faith basis for filing the FAC? And if that discovery received provided a good faith basis, why did Autoscribe not articulate that basis in its FAC, and why is the Motion necessary?

Autoscribe's Motion should be denied, and it should either defend its claim of jurisdiction or dismiss this Action.

## II.    AUTOSCRIBE'S MOTION SHOULD BE DENIED FOR FAILURE TO SHOW GOOD CAUSE

Autoscribe's motion to compel additional jurisdictional discovery should be denied for failure to show good cause. In response to Autoscribe's unopposed motion for jurisdictional discovery, Dkt. 18, the Court ordered Autoscribe's requested discovery in full, including that "Autoscribe may serve no more than (8) interrogatories and eight (8) document requests to Nuvei by August 30, 2024" and that "Nuvei shall respond to Autoscribe's discovery requests and produce responsive documents, if any, by October 14, 2024." Dkt. 20 at 2. Autoscribe now extends its hand again, but fails to provide or meet the "good cause" standard for reopening discovery.

Federal Rule of Civil Procedure 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed. *Grant*, 625 F. App'x at 679. To modify the scheduling order, a party must demonstrate "good cause" and obtain the "judge's consent." *Id*. "To meet the good cause standard, the party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline." *Id.*; *see S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). To demonstrate "good cause," the movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 F. App'x 483, 487-88 (5th Cir. 2013).

Autoscribe has not argued that it meets the "good cause" standard; nor could it. In the Fifth Circuit, a four-factor test is used: "(1) the explanation for the failure to timely [comply with the

scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Grant*, 625 F. App'x at 679 (alteration in original).

Autoscribe's failure to timely request additional jurisdictional discovery is dispositive. "Plaintiffs' Motion does not identify or address the good cause factors, which is reason enough to deny the Motion." *Dillon v. Davis*,  2021 U.S. Dist. LEXIS 273731, at *5 (S.D. Miss. Nov. 8, 2021). Rather than address the original defendants' motion to dismiss, or request additional information on Nuvei Limited ("NL") or Nuvei International Group Limited ("NIGL"), Autoscribe filed an amended complaint, adding NL and NIGL while dropping Nuvei Technologies, Inc. ("NTI"), the only domestic Defendant. Dkt. 35. Autoscribe did not request to reopen jurisdictional discovery until December 10, 2024, nearly two months after the Court ordered close of jurisdictional discovery. Dkt. 20 at 2, Ex. 7. Yet Autoscribe provides no basis for its delay – it originally alleged that it had not received discovery, then changed its tune to the Court, stating that it had received discovery, but that more would be helpful. Ex. 7; Mot. at 3-6. Autoscribe fails to show any diligence, let alone that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Puig*, 514 F. App'x at 487-88.

Second, the importance of the modification is low. Autoscribe admits that it previously moved for and received jurisdictional discovery, including discovery on all four named Defendants. Motion at 2-5; *see also* Dkt. 30 (Notice of Compliance). The parties promptly conducted an initial meet and confer regarding the scope of Autoscribe's proposed discovery, reaching several narrowing agreements. *See* Ex. 1; Ex. 2 at 8, 10-11, 13 (discussing narrowing agreements). Nuvei timely served documents and interrogatory responses on Autoscribe, including

the PCI document cited in Plaintiff's Motion. Dkt. 30; Ex. 2 at 15-16; Exs. 3-4 (producing Plaintiff's Motion Exhibits 1-2).

Autoscribe has already had its <u>second</u> bite at the apple. Nearly two weeks after the close of jurisdictional discovery, Autoscribe notified the original defendants that it believed Nuvei's discovery to be deficient. Ex. 5. Despite Autoscribe's untimely request, the original defendants reviewed Autoscribe's request and responded, notifying Autoscribe where they believed Autoscribe had exceeded the Court's jurisdictional order on some requests and agreeing to supplement on others, before promptly supplementing their responses. Exs. 2, 6.

Third, Nuvei is prejudiced by Autoscribe's delay. After Autoscribe filed its FAC in lieu of responding to the motion to dismiss, Defendants again moved to dismiss the complaint for personal jurisdiction – only for Autoscribe to seek to reopen discovery that it should have sought months ago. Defendants have expended time and money on their motion, and will need to expend additional time and money seeking out the additional discovery requested by Autoscribe. *See Grant*, 625 F. App'x at 679-80. Nuvei is further prejudiced because it cannot engage in substantive discovery until the jurisdictional issue is resolved. *Anderson v. GlobalSantaFe Offshore Servs.*, 924 F. Supp. 2d 738, 749 (E.D. La 2013) (noting that making "discovery requests" may waive personal jurisdiction). Such time and expenses cannot be rectified by a continuance; accordingly, Autoscribe's Motion should fail.

Further, Autoscribe is unable to identify a single case wherein any court <u>reopened</u> jurisdictional discovery. While Autoscribe states that the Court in *Graftech Int'l Holdings, Inc. v. GC&S Co., Ltd.*, No. 2:12-cv-00720-JRG, 2014 WL 12591876 (E.D. Tex. Apr. 8, 2024) "grant[ed] additional jurisdictional discovery when various evidentiary gaps hindered the Court's ability to determine whether it could exercise personal jurisdiction over a defendant," Autoscribe misstates

the posture of that case. There, this Court found "[t]o date, the parties have not engaged in any jurisdictional discovery. Nor has Plaintiff sought leave to conduct jurisdictional discovery. The present record largely consists of Plaintiff's original complaint, the parties' briefings, and two affidavits from Mr. Sang-Hee Park." *Id.* at *2. The Court was opening jurisdictional discovery for the first time; it was not reopening jurisdictional discovery to address untimely requests made two months after the Court ordered discovery period had closed.

Autoscribe has failed to plead good cause and has not shown diligence. Respectfully, the Court should deny Autoscribe's motion to reopen jurisdictional discovery.

## III.    AUTOSCRIBE FAILS TO MAKE A PRELIMINARY SHOWING OF JURISDICTION

The Motion should be denied because Autoscribe has not pled personal jurisdiction. While Autoscribe alleges that NL and NIGL operate servers abroad that perform services used by merchants in the Eastern District, it only asserts induced and contributory infringement. Mot. at 3-5. Personal jurisdiction, however, requires defendants "purposefully directed activities at residents of the forum." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). Operating servers does not direct activities to specific locales. Autoscribe has failed to show personal jurisdiction for NL and NIGL. Further, the "passive [document] website[s are] insufficient to establish purposeful availment" for any defendant. *Maynard v. Phila. Cervical Collar Co.*, 18 F. App'x. 814, 816 (Fed. Cir. 2001). Autoscribe has failed to plead personal jurisdiction as to any defendant.

## IV.    AUTOSCRIBE IS NOT ENTITLED TO THE ADDITIONAL DISCOVERY

The Motion should be denied because the requested discovery exceeds the bounds of the Court's Order on Jurisdictional Discovery and the Parties' agreements. Dkt. 20; Exs. 1, 6.

Autoscribe has already received jurisdictional discovery, including on Nuvei International Group Limited and Nuvei Limited. Mot. at 3-5, Ex. 2 at 11-12 (describing NL's foreign operation of servers). Autoscribe did not seek additional discovery for months; having sat on its hands, the window is closed. The Court should not reward Autoscribe's delay.

Having served its requested eight interrogatories and eight requests for production, Autoscribe now attempts to compel discovery that it has not requested or has agreed to forego. While Autoscribe requests the Court compel information about "operations and marketing for the accused instrumentalities," Mot. at 7, no interrogatory requested information on operations for the accused instrumentalities. Autoscribe agreed to limit marketing materials to a "representative sample of marketing materials directed towards customers in the United States, including materials that display the corporate name of any Nuvei entity" – which the original defendants provided. Ex. 1. Autoscribe asserts Defendants failed to respond to a request to "identify the entity that administers Nuvei.com or the entity responsible for producing and posting the documentation guide"; Interrogatories 7 and 8, however, only sought information about employees of Nuvei Corporation ("NC") and Nuvei Technologies Corp. ("NTC"), not entities administering nuvei.com, while Interrogatory No. 3 (an argument raised for the first time on December 10) was answered with respect to the accused instrumentalities and named defendants. Ex. 2 at 10-12, Ex. 5, Ex. 7. Nuvei has provided testimony that no Defendant has customers in the United States; there are no merchant_ids to provide for relevant customers. Dkt. 15, Ex. 1 at 3; Ex. 2 at 13; Dkt. 41, Ex. 1 at 2–4, Ex. 2 at 1–2.

Autoscribe admits that it seeks additional discovery beyond the requests that it has served. But discovery is not a "fishing expedition" – Autoscribe cannot continue to ignore the Court's orders and propound request after request in the *hopes* that something turns up. *Potter v. Cardinal*

*Health 200, LLC*, 381 F. Supp. 3d 729, 738 (E.D. Tex. 2019). Autoscribe has not pled corporate

blurring. The requested corporate affiliate agreements are irrelevant to this case.

Finally, Autoscribe raises for the first time its request that Defendants "identify the entities

responsible for developing the accused instrumentalities." Mot. at 7; Ex. 7 (failing to raise the

issue). Having failed to meet and confer on this topic, the Court should deny the request.

## V.    AUTOSCRIBE CONTINUES USING INACCURATE AND DEBUNKED THEORIES

The Motion should be denied because Autoscribe continues to assert inaccurate theories as

a basis for discovery. First, Autoscribe asserts:

> Nuvei Corporation acquired Nuvei International Group Limited and Nuvei Limited
> (then named Safecharge International Group Limited and Safecharge Limited,
> respectively) while Nuvei still had many of its operations "based in Plano."[15] Nuvei
> acquired Safecharge to "reinforce[ ] its global proposition and deliver[ ] fully-
> supported payment solutions to its clients and distribution networks, regardless of
> size, vertical or geography."[16] Based on these facts, the Nuvei Defendants' "global
> proposition" includes their activities enabling merchants' infringement of the '621
> Patent in the Eastern District.[17]

Motion at 5. Autoscribe's contention is an extension of Autoscribe's original allegation that NTI

had "a regular and established place of business at 5000 Legacy Drive, Suite 320, Plano, TX

75024." Dkt. 1 at ¶ 4. An investigation of the location, however, indicated that there was no Nuvei

entity at the alleged Plano location, no advertising for a Nuvei entity at the alleged Plano location,

and no signs for Nuvei at the alleged Plano location. Dkt. 15, Ex. 2 at 2. Personnel at the alleged

Plano location stated that "Nuvei has not been a tenant for approximately three years." *Id.* Neither

original nor new Defendants had any places of business in the Eastern District of Texas at least as

early as the filing of the Original Complaint. Dkt. 15, Ex. 1 at 3; Ex. 2 at 10; Dkt. 41, Ex. 1 at 2–

4, Ex. 2 at 1–2; *see also* Exs. 8-9 (showing no "SafeCharge" companies or Nuvei Defendants

registered to do business in Texas). In response, Autoscribe dropped the only accused U.S. Nuvei

Defendant, NTI, admitting that the Nuvei Defendants have no places of business in the Eastern

District of Texas. Their assertion now that Nuvei continues to have operations in Plano based on a 2019 website ignores the uncontroverted discovery that any operations in Plano shut down years before the filing of the Original Complaint and reiterates disproven claims.

Autoscribe continues its inaccurate statements with the assertion that there are "legacy customers" in the Eastern District of Texas. As Autoscribe is aware, "[a]t the time of the declaration, Ms. Piercey was not able to confirm or deny whether Nuvei Technologies Corp. ("NTC") had legacy customers in the United States, and therefore testified that such customers 'may' exist. Our interrogatory response contains the conclusion of that investigation – that NTC has no customers in the United States. As a holding company, Nuvei Corporation ("NC") has no customers at all." Ex. 6; *see also* Ex. 2 at 13. Nevertheless, despite an interrogatory response and an additional declaration confirming that neither NC nor NTC has any customers in the United States, Autoscribe continues to assert to the Court that Ms. Piercey's statement that "legacy customers 'may' exist" means that such customers <u>do</u> exist. NC and NTC have conducted a reasonable search and clarified the declaration. It is inappropriate for Autoscribe to continue to assert its inaccurate theory.

## VI.    CONCLUSION

Defendants respectfully request that Autoscribe's motion to reopen and compel additional jurisdictional discovery be denied.

DATED: December 23, 2024

Respectfully submitted,

/s/  Brett C. Govett
Brett C. Govett
State Bar No. 08235900
brett.govett@nortonrosefulbright.com
Vlada Wendel
State Bar No. 24131751
vlada.wendel@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Fax: (214) 855-8200
brett.govett@nortonrosefulbright.com

Daniel S. Leventhal
State Bar No. 24050923
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Fax: (713) 651-5246
daniel.leventhal@nortonrosefulbright.com

Brett A. McKean
State Bar No. 24057994
Peter Hillegas
State Bar No. 24101913
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Telephone: (512) 474-5201
Fax: (512) 536-4598
brett.mckean@nortonrosefulbright.com
peter.hillegas@nortonrosefulbright.com

***Counsel for Defendants Nuvei Corporation, Nuvei Technologies Corp., Nuvei Limited, and Nuvei International Group Limited.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 23, 2024, a true and correct copy of the

above and foregoing document was served upon all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF electronic filing system in accordance

with the Federal Rules of Civil Procedure.


/s/   *Peter Hillegas*
        Peter Hillegas