**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| Autoscribe Corporation, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 2:24-CV-325 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| Nuvei Corporation, Nuvei Technologies | § | |
| Corporation, Nuvei Limited, and Nuvei | § | |
| International Group Limited | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' MOTION TO STAY**
**PENDING A FINDING OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

**Page**

I.    Introduction ..................................................................................................... 1

II.   Background ....................................................................................................... 2

III.  Legal standard .................................................................................................. 5

IV.   Argument .......................................................................................................... 6

   A.    Defendants Have Good Cause to Stay the Case. ...................................... 6

   B.    Plaintiff Is Not Prejudiced by a Stay...................................................... 10

V.    Conclusion....................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Caddo Sys. v. Siemens Aktiengesellschaft (AG)*,
    2023 U.S. App. LEXIS 25128 (Fed. Cir. Sept. 22, 2023) ........................................9

*Conquest v. Camber Corp.*,
    2014 U.S. Dist. LEXIS 3622 (W.D. Tex. Jan. 13, 2014)..................................11, 12

*Fujita v. United States*,
    416 F. App'x. 400 (5th Cir. 2011) ...........................................................................6

*Gardner v. Gary Sinise Found.*,
    2023 U.S. Dist. LEXIS 165440 (E.D. Tex. June 5, 2023)........................................8

*James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cty.*,
    2020 U.S. Dist. LEXIS 134910 (E.D. Tex. July 29, 2020)......................................6

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*,
    901 F.2d 404 (5th Cir. 1990) ...................................................................................7

*Maynard v. Phila. Cervical Collar Co.*,
    18 F. App'x. 814 (Fed. Cir. 2001) ............................................................................9

*McZeal v. Fastmobile, Inc.*,
    219 F. App'x 988 (Fed. Cir. 2007) ...........................................................................9

*NexLearn v. Allen Interactions, Inc.*,
    859 F.3d 1371 (Fed. Cir. 2017)..............................................................................10

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010)................................................................................9

*Parish of Jefferson v. S. Recovery Mgmt., Inc.*,
    1996 U.S. Dist. LEXIS 3894 (E.D. La. Mar. 27, 1996).....................................7, 10

*Petrus v. Bowen*,
    833 F.2d 581 (5th Cir. 1987) ...................................................................................7

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999)..................................................................................................6

*Spadfora v. Hotel Rsrv. Serv., Inc.*,
    Case No. 4:23-cv-735-SDJ, 2023 U.S. Dist. LEXIS 238031 (E.D. Tex. Dec.
    29, 2023) ...................................................................................................................1

*Wyatt v. Kaplan*,
    686 F.2d 276 (5th Cir. 1982) .............................................................................7, 9

*Xenex Healthcare Servs. v. Larochelle*,
    *No.* 5:17-CV-328-DAE, 2017 U.S. Dist. LEXIS 226438 (W.D. Tex. Apr. 27,
    2017) .......................................................................................................................7

**Rules and Statutes**

28 U.S.C. § 1400................................................................................................................5

Fed. R. Civ. P. 26(c) ...............................................................................................1, 6, 7

Fed. R. Civ. P. 12(b)(2)..................................................................................................13

## I.    INTRODUCTION

This case presents an unusual procedural posture stemming from Plaintiff Autoscribe Corporation's ("Autoscribe") strategic conduct. Faced with a motion to dismiss on personal jurisdiction and venue grounds—and having received its requested jurisdictional discovery—Autoscribe chose to proceed in this District against improper parties rather than in a district with venue over the proper party. Specifically, Autoscribe chose in its Amended Complaint to drop the sole Nuvei defendant subject to personal jurisdiction—but not subject to venue in the Eastern District of Texas—and is now attempting to proceed against multiple foreign Nuvei entities (the "Current Nuvei Entities") that are not subject to personal jurisdiction.[1] Despite not altering its jurisdictional allegations in the Amended Complaint, Autoscribe then blocked the Court's consideration of the Current Nuvei Entities' personal jurisdiction motion by filing a non-meritorious discovery motion seeking *more* jurisdictional discovery. While this jurisdictional dispute was pending, the parties complied with the Local Patent Rules deadlines, but did not engage in broader discovery; months after the filing of the motion to dismiss, Autoscribe now demands the parties commence merits discovery, requiring this Motion.

There is good cause to stay the case until the personal jurisdiction motion is resolved under both the Court's inherent power and the protective order standard of Fed. R. Civ. P. 26(c)(1). Here, a stay "is appropriate since the disposition of the motion to dismiss might preclude the need for discovery altogether." *Spadfora v. Hotel Rsrv. Serv., Inc.*, Case No. 4:23-cv-735-SDJ, 2023 U.S. Dist. LEXIS 238031, at *2 (E.D. Tex. Dec. 29, 2023). This is not a case in which discovery efforts would be well-spent if Nuvei's jurisdictional motion is denied because Autoscribe is not seeking

---

[1] Defendants Nuvei Corporation, Nuvei Technologies Corporation, Nuvei Limited, and Nuvei International Group Limited.

discovery from the correct parties. Autoscribe's sole infringement theory alleges indirect infringement premised on alleged acts by U.S. third party merchants that Autoscribe **knows** through venue discovery are clients of the **dropped** U.S. entity. Absent a stay, the Current Nuvei Defendants are forced to expend time and resources: (1) providing discovery that will be, at best, tangential to Autoscribe's pled theories, and (2) potentially addressing disputes arising from Autoscribe's targeting of the wrong parties.

If Autoscribe desired to proceed swiftly, it could have proceeded against the correct party in a proper venue. Under these unusual facts, any prejudice in delay to Autoscribe is far outweighed by the prejudice on the Current Nuvei Defendants of a burden that would be avoided should the Court grant the jurisdictional motion to dismiss. Nuvei therefore respectfully moves to stay the case until the Court has addressed Nuvei's personal jurisdiction motion (Dkt. 41).

## II.    BACKGROUND

Nine months ago, Autoscribe brought suit against a United States entity, Nuvei Technologies, Inc. ("NTI"), based on an unmarked building vacated years before, and two foreign Nuvei entities, Nuvei Corporation ("NC") and Nuvei Technologies Corp. ("NTC"), based on the existence of a passive documentation website. Dkt 1. The original defendants promptly moved to dismiss and provided extensive venue and jurisdictional discovery.[2] That venue and jurisdictional discovery confirmed: (a) NTI (incorporated in Delaware and having its primary place of business in Arizona) has no regular and established place of business in this District; (b) NTI is the legal entity holding the relationship with U.S. merchants using the accused services; (c) the Nuvei servers purportedly directly infringing are not in the United States; and (d) the Current Nuvei

---

[2] Dkts. 15 (Motion to Dismiss), 18 (Unopposed Mot. on Venue and Jurisdictional Discovery), 20 (Order Granting Venue and Jurisdictional Discovery), 30 (Notice of Compliance with Order on Venue and Jurisdictional Discovery).

Entities neither purposefully directed activities to nor had minimum contacts with Texas or the United States.

Rather than proceeding against the correct party in a district where venue is proper, Autoscribe has sought to proceed on a flawed case and has taken strategic steps to delay Nuvei's challenges reaching the Court. Avoiding a response to Nuvei's motion to dismiss, Autoscribe filed a First Amended Complaint ("FAC") that: (1) ***dropped*** the only U.S. entity, NTI; (2) kept foreign defendants NC and NTC without adding any meaningful allegations to support personal jurisdiction (*compare* Dkt. 35 at ¶¶ 8-9 *with* Dkt. 1 at ¶¶ 7-9); and (3) added two additional foreign entities: Nuvei Limited ("NL") and Nuvei International Group Limited ("NIGL"), neither of which have a presence in the United States, let alone Texas. Dkt. 35. Further, Autoscribe ***dropped*** its direct infringement allegations and proceeded solely on indirect infringement premised on direct infringement by U.S. merchants—despite having dropped the party, NTI, that it is aware has the contractual relationship with those merchants. *Id.*

Nuvei again moved to dismiss for lack of personal jurisdiction. Dkt. 41. Once again, Autoscribe declined to defend its complaint. Instead, Autoscribe filed a motion to compel a second round of jurisdictional discovery. Dkt. 45.[3] As Nuvei explained in its opposition to that motion to compel, Autoscribe's motion to compel raises concerns: if the jurisdictional discovery Autoscribe already received was insufficient to support jurisdiction, what was the good faith basis for filing the FAC? And if that discovery received provided a good faith basis, why did Autoscribe not articulate that basis in its FAC, and why is a motion to compel necessary? Dkt. 52 at 1-2. Conscious of not inundating the Court with additional filings, and in view of the fact that Autoscribe had not

---

[3] Autoscribe's motion to compel has been fully briefed since December 23, 2024. *See* Dkts. 45, 52.

served merits discovery, Nuvei did not oppose Autoscribe's request to delay its opposition to Nuvei's motion to dismiss until resolution of Autoscribe's motion to compel. Dkt. 43.

Through its actions, Autoscribe indicated no intent to proceed with merits discovery. Autoscribe served initial disclosures on October 9, 2024 and an initial production of 30 documents on October 10, 2024, including two settlement agreements. Despite having settled five other infringement cases involving U.S. Patent No. 11,602,621 (the "'621 Patent") within the prior 12 months, Autoscribe produced only two licensing agreements: Fortis and Payment Savvy.[4] Two litigations remain ongoing, and yet Autoscribe has not produced a single document since its initial productions. Autoscribe has not produced any documents related to any of those seven cases, including positions taken in those litigations, defenses raised, or claim construction positions propounded. Nor has Autoscribe produced any documents related to its ongoing IPR with M&A Ventures. All of these documents are facially relevant to the issues in this case.

Autoscribe's recent communications were consistent with an understanding that the parties were delaying merits discovery while the venue issue was pending. While breaking that understanding and sending excessive discovery requests, counsel stated "[a]s we are getting into discovery, we should get an ESI order into place." Ex. 1 (Feb. 6 email from C. Phillips). In other words, counsel for Autoscribe recognized that it was requesting to *start* merits discovery, and was requesting an introductory predicate in the form of an ESI order.

---

[4] Autoscribe settled with Payment Savvy (Dkt. 19, 2:23-cv-390 (E.D. Tex. Dec. 11, 2023)), Fortis Payment Systems (2:23-cv-364 (E.D. Tex), consolidated to 2:23-cv-349, settled May 3, 2024 (Dkt. 77)), PCI Booking Limited (Dkt. 8, 3:23-cv-81 (S.D. Tex. May 28, 2024)), Repay Holdings (Dkt. 88, 2:23-cv-349 (E.D. Tex. July 16, 2024)), and Paysafe Limited (Dkt. 22, 3:23-cv-104 (S.D. Tex. July 23, 2024)).

With the jurisdictional motion to compel pending (and, therefore, briefing on the jurisdictional motion to dismiss still pending), and having waited nine months, Autoscribe now seeks to open the taps, requesting a wide swath of discovery far exceeding the bounds of this case. Ex. 1 (Feb. 6, 2025 email from C. Phillips); Ex. 2 (Feb. 6, 2025 Discovery Letter). At best, Autoscribe seeks discovery from parties over whom the Court has not established the threshold finding of personal jurisdiction. Further, despite knowing that all merchant contracts in the U.S. were with NTI, the entity that Autoscribe affirmatively dropped with its FAC, Autoscribe continues to seek discovery properly directed to NTI about its customers and contracts. *Id.* at RFPs 4, 6-8, 24-25, 27, 29. Having dropped NTI to evade the venue restrictions imposed by 28 U.S.C. § 1400, such discovery is now barred, but Autoscribe's discovery requests force the Current Nuvei Entities to expend resources objecting to these improper requests.

While Nuvei recognizes that only five months remain of discovery, Autoscribe's requests present an undue burden and expense that will not aid the resolution of Nuvei's motion to dismiss for lack of personal jurisdiction, which may obviate any need for such discovery. A stay would enable the Court to rule on threshold issues while also permitting the parties to conduct discovery without the deadline pinch that has resulted from the continuing pendency of Nuvei's motion to dismiss for lack of personal jurisdiction.

Nuvei respectively requests the Court stay the case until it resolves Nuvei's pending motion to dismiss.

## III.    LEGAL STANDARD

A district court "has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x. 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (internal quotation marks omitted)). The Court may stay discovery for good cause when "further discovery will

impose undue burden or expense without aiding the resolution of the dispositive motions." *Id.*; *see also* Fed. R. Civ. P. 26(c)(1).

## IV.    ARGUMENT

### A.    Defendants Have Good Cause to Stay the Case.

Good cause exists to request a stay of the case pending resolution of Nuvei's motion to dismiss for lack of personal jurisdiction. In the Fifth Circuit, good cause exists for a stay where the disposition of a motion to dismiss might eliminate the need for the discovery altogether, saving time and expense. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990) (upholding granting a Rule 26(c) protective order where "the requested discovery is not likely to produce the facts needed by the party to withstand [the motion to dismiss]"). Stays are even more appropriate where preliminary, threshold questions such as jurisdiction are at issue. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding "that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action"); *Parish of Jefferson v. S. Recovery Mgmt., Inc.*, No. 96-0230, 1996 U.S. Dist. LEXIS 3894, at *6 (E.D. La. Mar. 27, 1996) (holding that although "discovery sought would not be prohibitively costly, even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot"). Personal jurisdiction is "an essential element . . . without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Good cause may also exist if the party seeking the stay is able to demonstrate undue burden or expense. *Xenex Healthcare Servs. v. Larochelle, No.* 5:17-CV-328-DAE, 2017 U.S. Dist. LEXIS 226438, at *4-7 (W.D. Tex. Apr. 27, 2017); *see also* FED R. CIV. P. 26(c).

- 6 -

Courts in this District have found that stays are appropriate when personal jurisdiction has not been determined. For example, in *Williams v. Tava Ventures*, Judge Jordan granted a stay of merits discovery on the basis that "the question of personal jurisdiction over four defendants has been briefed and is ripe for determination without needing discovery," noting that it was "[o]f particular importance . . . that jurisdictional issues should be determined early in the case." No. 4:24-CV-122-SDJ, 2024 U.S. Dist. LEXIS 158293, at *3 (E.D. Tex. May 14, 2024) ("The Court finds good cause for a stay on these grounds alone."). In *Gardner v. Gary Sinise Foundation*, that court again found good cause to grant a stay, noting that "the motion to dismiss raises the threshold issue of subject-matter jurisdiction, which the Court must possess in order to assess the merits of Gardner's claims." No. 4:23-CV-99-SDJ, 2023 U.S. Dist. LEXIS 165440, at *2 (E.D. Tex. June 5, 2023). The court in *Armstrong v. Cumberland Acad.* walked a similar path, holding that even though discovery was not "particularly onerous," if the court granted a motion to dismiss for the threshold question of immunity, discovery would be "unnecessary and wasteful." No. 6:20-cv-00526-JCB, 2021 U.S. Dist. LEXIS 126429, at *5 (E.D. Tex. Mar. 22, 2021).

Here, all factors favor Nuvei. As in *Williams*, Nuvei's motion covers the four defendants, and will result in the case being dismissed in its entirety – if granted. Nuvei's "motion to dismiss raises the threshold issue of [personal] jurisdiction, which the Court must possess in order to assess the merits of [Autoscribe's] claims." *Gardner*, 2023 U.S. Dist. LEXIS 165440, at *2. The Court has already ordered and the Parties completed jurisdictional discovery. Dkts. 20, 30. Having severed jurisdictional discovery from merits discovery, the Court need not complete any additional discovery before ruling. Further, the question of personal jurisdiction is legal in nature: Nuvei does not dispute the existence of the European servers or the passive documentation website, but asserts that they are insufficient to provide jurisdiction as a matter of established case law. Dkt. 41 at 11-

25. Autoscribe's failure to plausibly allege personal jurisdiction is dispositive; discovery would therefore "serve no purpose and should not be permitted." *Wyatt*, 686 F.2d at 284.

As in *Armstrong*, Nuvei has presented many analogous cases showing that Autoscribe's theories are insufficient to establish personal jurisdiction. Both the motion to dismiss Autoscribe's original complaint, Dkt. 15, and the motion to dismiss Autoscribe's amended complaint, Dkt. 41, describe Autoscribe's failure to adequately plead personal jurisdiction.

First, Autoscribe alleges that Nuvei's documentation website provides personal jurisdiction. The Federal Circuit has held repeatedly that a "website which merely supplies information and does not provide interactivity for visitors to sell or purchase products or services" does not confer personal jurisdiction. *See, e.g.*, Dkt. 41 at 20; *see also McZeal v. Fastmobile, Inc.*, 219 F. App'x 988, 988 (Fed. Cir. 2007) (applying Fifth Circuit law); *Caddo Sys. v. Siemens Aktiengesellschaft (AG)*, No. 2022-1623, 2023 U.S. App. LEXIS 25128, *7 (Fed. Cir. Sept. 22, 2023) (holding that a foreign company's website was insufficient to establish personal jurisdiction without "a direct means to buy products from or sell products to" that company – facts missing from Nuvei's website); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010); *Maynard v. Phila. Cervical Collar Co.*, 18 F. App'x. 814, 816 (Fed. Cir. 2001).

Second, Autoscribe's allegations asserting Nuvei Limited's foreign server used by merchants for infringement provides personal jurisdiction fairs no better. Autoscribe does not attempt to show the requisite purposeful direction by either Nuvei Limited or Nuvei International Group Limited. Nor could it. The only Nuvei entity that contracts with U.S. customers is Nuvei Technologies, Inc., which Autoscribe dismissed from the case. Dkts. 41-1, 41-2 (declaring that none of the named defendants contract with any U.S. customers); Dkt. 35 (dropping Nuvei Technologies, Inc.). And, as described in Nuvei's motion to dismiss, the servers themselves cannot

provide personal jurisdiction for the same reason any other website or out of state store may not – "mere existence [is not] 'suit-related conduct creating a substantial connection with the forum state.'" *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1379 (Fed. Cir. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)) (alterations in original omitted); Dkt. 41 at 13.

The expense and burden of discovery further supports Nuvei's motion. Even minimal discovery costs are unwarranted where, as here, "jurisdictional rulings may render such discovery altogether moot." *Parish of Jefferson*, 1996 U.S. Dist. LEXIS 3894, at *6; *see also Armstrong*, 2021 U.S. Dist. LEXIS 126429, at *5-6 (granting a stay of merits discovery when the motion to dismiss was on a threshold issue, despite the discovery burden not being "particularly onerous"). Autoscribe's requested discovery is anything but minimal. It requests all documents ever created related in any way to this case, including with respect to: dropped or unnamed defendants, Ex. 2 (Feb. 6, 2025 Discovery Letter) at Attachment A, ¶ 1; unpled causes of action, *Id.* at ¶ 53 (seeking documents related to unpled "lost profits"); and dropped causes of action. *Id.* at Attachment A, ¶ 8 (defining "Accused Instrumentalities" as contained in the superseded Infringement Contentions, and not mentioning products dropped in the Amended Complaint). It also requests "[a]ll Source Code" that Nuvei "uses internally or sends to Third Party Users" that merely "relat[es]" to Autoscribe's bloated meaning of "Accused Instrumentalities" – regardless of whether the code is used to allegedly infringe or contains any differences from other source code. *Id.* at ¶ 27.

Not only does Autoscribe request discovery inconsistent with its pleadings, Autoscribe ignores the realities of its requests. All of the remaining defendants are foreign, with two in Canada and two in Europe. All discovery will be conducted abroad, requiring coordination with international employees for interviews and searches. As Autoscribe acknowledges, to comply with its requests, Defendants would also need to make available source code for foreign entities, used

by servers in foreign countries, and stored abroad. Dkt. 45 at 2. These expenses constitute an undue burden and good cause to stay. Autoscribe requests extensive and burdensome productions that far exceed the standard and that may be unnecessary once the Court rules on personal jurisdiction.

### B.    Plaintiff Is Not Prejudiced by a Stay.

Autoscribe will not be prejudiced by a stay of the case pending resolution of personal jurisdiction. A stay would not prevent Autoscribe from "having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Conquest v. Camber Corp.*, No. 5:13-cv-1108-DAE, 2014 U.S. Dist. LEXIS 3622, at *4 (W.D. Tex. Jan. 13, 2014).  Autoscribe admits in its motion to compel that it does not need further discovery to defend its position on personal jurisdiction. Dkt. 45 at 1 ("Autoscribe has made a preliminary showing of personal jurisdiction over all the Nuvei Defendants in its Amended Complaint."). Having received jurisdictional discovery and claiming its facts were sufficient to make a preliminary showing, Autoscribe cannot contest that it has already received "a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Conquest*, 2014 U.S. Dist. LEXIS 3622, at *4. As "a stay of discovery does no harm where discovery is not necessary 'to develop facts to help defend against Defendant's Motion to Dismiss for lack of jurisdiction,'" the Court should find that Autoscribe will not be prejudiced by a stay. *Armstrong*, 2021 U.S. Dist. LEXIS 126429, at *6 (citing *Conquest* 2014 U.S. Dist. LEXIS 3622, at *2).

Nor will a stay result in any excess cost or inconvenience. Rather, a stay now would eliminate costs if the Court dismisses defendants. No merits discovery has yet taken place. Ex. 1 (Feb. 6, 2024 email from C. Phillips). While this case was originally brought May 3, 2024, Autoscribe did not seek merits discovery until February 3, 2025 – nine months after the filing of the complaint (Dkt. 1), six months after Autoscribe became aware of its jurisdictional flaws (Dkt. 15), and nearly four months after the entry of the Docket Control Order (Dkt. 26). There is no

reason to subject foreign entities to the cost of responding to discovery in Texas before the Court determines whether it can properly exercise jurisdiction over any of the Current Nuvei Entities.

To the extent Autoscribe asserts prejudice, a continuance could resolve that issue. Only five months remain of substantial fact discovery. Having sat on its hands, Autoscribe should not be able to argue that time is running out. Any such argument would be cured by a continuance providing additional time for fact discovery.

Respectfully, the Court should find that Autoscribe is not prejudiced by a stay.

## V.    CONCLUSION

Defendants respectfully request that the Court grant this motion and stay the case until the Court rules on Defendants' Rule 12(B)(2) Motion to Dismiss (Dkt. 41).

- 11 -

Dated: February 24, 2025

Respectfully submitted,


*/s/ Brett C. Govett*

Brett C. Govett
State Bar No. 08235900
brett.govett@nortonrosefulbright.com
Vlada Wendel
State Bar No. 24131751
vlada.wendel@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Fax: (214) 855-8200
brett.govett@nortonrosefulbright.com

Daniel S. Leventhal
State Bar No. 24050923
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Fax: (713) 651-5246
daniel.leventhal@nortonrosefulbright.com

Brett A. McKean
State Bar No. 24057994
Peter Hillegas
State Bar No. 24101913
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Telephone: (512) 474-5201
Fax: (512) 536-4598
brett.mckean@nortonrosefulbright.com
peter.hillegas@nortonrosefulbright.com

***Counsel for Defendants Nuvei Corporation,
Nuvei Technologies Corp., Nuvei Limited,
and Nuvei International Group Limited.***

## <u>CERTIFICATE OF CONFERENCE</u>

The parties met and conferred via video conference on February 14, 2025 to discuss the relief requested in this Motion. Peter Hillegas, Brett Govett, James McManis, and Andrea Fair participated in the video conference. No agreement could be reached because of the Parties' differing views on whether merits discovery is appropriate at this stage. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Peter Hillegas*
Peter Hillegas

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 24, 2024, a true and correct copy of the above and foregoing document was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ Peter Hillegas*
Peter Hillegas
