UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Autoscribe Corporation<br><br>*Plaintiff*,<br><br>v.<br><br>Nuvei Corporation, Nuvei Technologies Corporation, Nuvei Limited, and Nuvei International Group Limited<br><br>*Defendant*. | Case No. 2:24-cv-325<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO STAY
PENDING A FINDING OF PERSONAL JURISDICTION**

I.   **INTRODUCTION**

Autoscribe fails to rebut Defendants' showing of good cause for a stay of *merits* discovery. Autoscribe's allegations of personal jurisdiction prove the critical role of Nuvei Technologies, Inc.—the once named, now dropped, entity that is subject to personal jurisdiction but not venue in this Court. Further, Autoscribe has not and cannot identify any prejudice because it has only recently decided to engage in *merits* discovery. Critically, Autoscribe ignores that *merits* discovery unduly burdens foreign defendants when the threshold issue of personal jurisdiction remains pending.

The Court should grant Defendants' motion to stay *merits* discovery pending the resolution of personal jurisdiction. To the extent Autoscribe believes *jurisdictional* discovery beyond what Defendants have already provided is appropriate or necessary—even after filing a response to Defendants' motion to dismiss—that issue is pending before the court in Autoscribe's fully briefed motion to compel.

II.  **ARGUMENT**

   A.   **Autoscribe Ignores Defendants Good Cause to Stay the Case**

While Autoscribe asserts that Defendants' case law is inapposite, it does not dispute that good cause for a stay exists when Defendants' personal jurisdiction motion would dispose of the entire case, nor that raising significant challenges to a plaintiff's allegations of personal jurisdiction—a threshold issue—can alone provide good cause for a stay. Dkt. 54 at 6-10.

Defendants' cited cases are on point. In *Williams v. Tava Ventures*, "each" of the "significant challenges to Plaintiffs' complaint" "provide[d] substantial arguments for dismissal of many, if not all of Plaintiffs' claims"; one of those challenges was that "the Court lack[ed] personal jurisdiction over four defendants." No. 4:24-CV-122-SDJ, 2024 U.S. Dist. LEXIS 158293, at *2-3 (E.D. Tex. May 14, 2024). In *Gardner v. Gary Sinise Foundation*, one of the

1

"significant procedural and substantive challenges to [Plaintiffs'] complaint" was "notably" the *threshold issue* of subject matter jurisdiction. No. 4:23-CV-99-SDJ, 2023 U.S. Dist. LEXIS 165440, at *2 (E.D. Tex. June 5, 2023). In *Armstrong v. Cumberland Acad.*, the strength of the motion to dismiss was based on analogous case law identified in a notice of supplemental authority and did not require the court to "div[e] into the merits" of the motion to dismiss. No. 6:20-cv-00526-JCB, 2021 U.S. Dist. LEXIS 126429, at *5 (E.D. Tex. Mar. 22, 2021).

Rather than respond to the multitude of cases showing that Autoscribe's allegations are insufficient as a matter of law, Autoscribe proclaims victory, asserting—without evidence, citation, or pleading—that its allegedly uncontroverted facts provide personal jurisdiction. But, Autoscribe's allegations fail to show that the named defendants meet the "purposeful availment" or "claims arising out of the activities" requirements.[1] *See* Dkt. 41 at 11-26.

In so doing, Autoscribe creates new allegations that highlight its poor strategic decision: having dropped Nuvei Technologies, Inc. ("NTI") for lack of venue, Autoscribe now asserts that NTI is *the same company* as Nuvei International Group Limited ("NIGL"). Dkt. 56 at 5. But Autoscribe knows that venue is not proper as to NTI; if Autoscribe's new allegations are correct, this Court should transfer or dismiss for lack of venue. And as discussed in Defendants' motions and replies, Autoscribe's alleged "facts" fail to provide personal jurisdiction as a matter of law. *See* Dkts. 41 at 11-26, 54 at 7-9, 52 at 5, Dkt. 57.

---

[1] Autoscribe misrepresents facts and law: Autoscribe purports that there are "uncontroverted allegations in the Amended Complaint" regarding Nuvei International Group Limited and Nuvei Limited and that the webpages establish "target markets." This is false. Autoscribe's theory of personal jurisdiction is neither in the Amended Complaint nor uncontroverted. *See* Dkt. 41 at 17-21. Further, the passive websites run by the Canadian Defendants cannot support personal jurisdiction – and don't mention "target markets" at all. *See NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1377-78 (Fed. Cir. 2017) (discussing the insufficiency of a "dropdown menu" in the billing-address menu listing the forum state); *see also* Dkt. 41 at 25-26.

Respectfully, the Court should find Defendants have shown good cause for a stay based on the strength of their jurisdictional challenges, and stay merits discovery pending a finding of personal jurisdiction over the Defendants.

### B.    Autoscribe Has Not And Cannot Identify Any Prejudice From A Stay

Autoscribe fails to articulate any meaningful prejudice. It makes only two arguments: first, that the stay should not be granted because Autoscribe has moved to compel additional *jurisdictional* discovery, and second, that it has not sat on its hands. Dkt. 56 at 7. But Autoscribe admits that the requested stay only applies to *merits* discovery and the outstanding non-jurisdictional deadlines *pending resolution of Defendants' motion to dismiss*. Dkt. 54 at 10.

Nor does Autoscribe seriously contest that it sat on its hands. While it asserts that it made initial disclosures, Autoscribe does not contest that it made no other fulsome productions until after the motion to stay was filed. Indeed, Autoscribe's explanation raises more questions: if the other dismissed cases were not settled, why has Autoscribe not disclosed information regarding what are presumptively non-infringing alternatives? Why has Autoscribe not disclosed its infringement positions in any of the cases it filed for infringement of the '621 Patent? Why has it not produced source code for its own products? For the ongoing cases, why has Autoscribe not produced the served discovery, including claim construction positions in those cases?[2] What is good for the goose is good for the gander – Autoscribe served initial disclosures, then sat on its hands while awaiting a determination on jurisdiction. Defendants served the same disclosures, without objection from Autoscribe. Dkt. 28 at 1. Autoscribe's actions and disclosures reflect

---

[2] Autoscribe and M&A Ventures exchanged claim construction briefs on Dec. 12, 2024, two months after Autoscribe's initial production and two months before its first request for merits discovery. *See Autoscribe Corporation v. M&A Ventures, LLC*, No. 1:24-cv-04282 (N.D. Ga.) at Dkts. 139, 140.

3

Defendants' understanding that merits discovery was forestalled. *See* Dkt. 54-1 (Feb. 6, 2025 email from C. Philips) ("As we are getting into discovery, we should get an ESI order into place.").

While Autoscribe asserts that the trial date would need to be moved if a stay is granted, it does not describe any prejudice that would follow as a result. If the Court grants Defendants' motion to stay before ruling on Defendants' 12(b)(2) Motion to Dismiss, case deadlines would be stayed, which may lead to a new schedule – only if the Court denies the 12(b)(2) Motion to Dismiss. If the Motion to Dismiss is granted, the discussion is moot. The potential of a new schedule is not a form of prejudice.

Respectfully, the Court should find a stay poses no prejudice.

### C.     Merits Discovery is Unduly Burdensome Showing Good Cause for a Stay

The Court should find that Defendants have shown good cause for a stay because merits discovery is unduly burdensome, and a stay is appropriate to alleviate that burden. While Autoscribe argues that its discovery requests are typical and cannot be unduly burdensome, Autoscribe's argument misses the mark. *Yeti* addresses 12(b)(6) motions, not threshold issues regarding whether the proper parties are before the Court. *Yeti Coolers, LLC v. Magnum Solace*, LLC, 2016 U.S. Dist. LEXIS 144473, at *2-4 (W. D. Tex. Oct. 19, 2016). And *BioTE Med* addresses routine discovery disputes. *BioTE Med., LLC v. Jacobsen,* No. 4:18-CV-00866, 2021 U.S. Dist. LEXIS 18097 (E.D. Tex. Feb. 1, 2021). Autoscribe does not dispute that personal jurisdiction "is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication," nor that the Fifth Circuit has held that discovery should be stayed "until preliminary questions [related to the proper parties] that may dispose of the case are determined." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Nor do Autoscribe's other cases support its position. While Autoscribe asserts that *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa* stands for the premise that foreign defendants must engage in discovery, the Supreme Court also stated that "American courts, . . . should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." 482 U.S. 522, 546 (1987). That Defendants identified foreign employees as part of its court-ordered initial disclosures and that the same counsel represent each Defendant does not mitigate the vigilance necessary to protect foreign defendants from unnecessary discovery—such as when personal jurisdiction is inappropriate as to all defendants—nor the burden of conducting interviews with personnel on other continents. Autoscribe also finds no support in *Glover v. Argonaut Ins. Co.*, as the "Plaintiffs ha[d] litigated diligently [for two years] and the addition of [the moving party] was not of Plaintiff's fault." No. 22-445-SDD-SDJ, 2025 U.S. Dist. LEXIS 7755, at *6 (M.D. La. Jan. 15, 2025). Here, Autoscribe has failed to diligently prosecute its case, failing to engage in merits discovery until five months before the close of fact discovery.

Respectfully, the Court should stay the case until personal jurisdiction is resolved.

### D. **Defendants Have Not Requested a Stay of Jurisdictional Discovery**

Defendants' have only requested a stay of ***merits*** discovery and deadlines "pending the resolution of Defendants' Rule 12(b)(2) Motion to Dismiss." Dkt. 54. Any issues related to jurisdictional discovery are addressed in Defendants' response to Autoscribe's motion to compel. Dkt. 52.

### III. CONCLUSION

Defendants respectfully request that the Court grant Defendants' motion, Dkt. 54, and stay the case until the Court rules on Defendants' Rule 12(b)(2) Motion to Dismiss. Dkt. 41.

5

Dated: March 18, 2025                    Respectfully submitted,


                                         *By: Brett C. Govett*

                                         Brett C. Govett
                                         State Bar No. 08235900
                                         brett.govett@nortonrosefulbright.com
                                         Vlada Wendel
                                         State Bar No. 24131751
                                         vlada.wendel@nortonrosefulbright.com
                                         NORTON ROSE FULBRIGHT US LLP
                                         2200 Ross Avenue, Suite 3600
                                         Dallas, Texas 75201
                                         Telephone: (214) 855-8000
                                         Fax: (214) 855-8200
                                         brett.govett@nortonrosefulbright.com

                                         Daniel S. Leventhal
                                         State Bar No. 24050923
                                         NORTON ROSE FULBRIGHT US LLP
                                         1550 Lamar Street, Suite 2000
                                         Houston, TX 77010
                                         Telephone: (713) 651-5151
                                         Fax: (713) 651-5246
                                         daniel.leventhal@nortonrosefulbright.com

                                         Brett A. McKean
                                         State Bar No. 24057994
                                         Peter Hillegas
                                         State Bar No. 24101913
                                         NORTON ROSE FULBRIGHT US LLP
                                         98 San Jacinto Boulevard, Suite 1100
                                         Austin, TX 78701
                                         Telephone: (512) 474-5201
                                         Fax: (512) 536-4598
                                         brett.mckean@nortonrosefulbright.com
                                         peter.hillegas@nortonrosefulbright.com

                                         ***Counsel for Defendants Nuvei Corporation, Nuvei Technologies Corp., Nuvei International Group Limited, and Nuvei Limited.***

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 18, 2025, a true and correct copy of the above and foregoing document was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ Peter Hillegas*
Peter Hillegas