FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| Autoscribe Corporation | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No.: 2:24-cv-00325 |
| | § | |
| Nuvei Corporation, Nuvei Technologies Corporation, Nuvei Limited, and Nuvei International Group Limited | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF AUTOSCRIBE CORPORATION'S
## RESPONSE TO DEFENDANTS' MOTION TO STAY

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    FACTUAL BACKGROUND ............................................................................................... 2

II.    LEGAL STANDARD ......................................................................................................... 4

III.    ARGUMENT & AUTHORITIES ....................................................................................... 4

    A.    Merits discovery should continue because Autoscribe has made a prima facie showing of personal jurisdiction such that dismissal is unwarranted. ....................................................... 4

    B.    Staying merits discovery would prejudice Autoscribe, and Nuvei's arguments to the contrary fail. ................................................................................................................. 6

    C.    Nuvei would not be unduly burdened by continued merits discovery. ............................... 7

    D.    At a minimum, a stay is inappropriate if it inhibits Autoscribe's opportunity to develop a factual record to oppose Nuvei's jurisdictional challenge. ....................................................... 9

IV.    CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

*BioTE Med., LLC v. Jacobsen*,
  4:18-CV-00866, 2021 WL 327505 (E.D. Tex. Feb. 1, 2021) .......................................................... 8

*Armstrong v. Cumberland Acad.*,
  6:20-CV-00526, 2021 WL 2784296 (E.D. Tex. Mar. 22, 2021) ................................................. 6

*Conquest v. Camber Corp.*,
  No. 5:13-CV-1108-DAE, 2014 WL 172500 (W.D. Tex. Jan. 13, 2014) .................................... 9

*Fielding v. Hubert Burda Medai, Inc.*,
  415 F.3d 419 (5th Cir. 2005) ...................................................................................................... 6

*Gardner v. Gary Sinise Found.*,
  No. 4:23-CV-99-SDJ, 2023 WL 5987397 (E.D. Tex. June 5, 2023).......................................... 6

*Glover v. Argonaut Ins. Co.*,
  No. 22-445-SDD-SDJ, 2025 U.S. Dist. LEXIS 7755 (M.D. La. Jan. 15, 2025) ........................ 9

*Graftech Int'l Holdings, Inc. v. GC&S Co., Ltd.*,
  No. 2:12-cv-00720-JRG, 2014 WL 12591876 (E.D. Tex. Apr. 8, 2014) ................................... 6

*In re Terra Intern., Inc.*,
  134 F.3d 302 (5th Cir. 1998) ...................................................................................................... 4

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
  213 F.3d 841 (5th Cir. 2000) .................................................................................................... 10

*Kutilek v. Gannon*,
  132 F.R.D. 296 (D.Kan.1990).................................................................................................. 10

*McCabe v. Foley*,
  233 F.R.D. 683 (M.D. Fla. 2006).............................................................................................. 4

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010)............................................................................................. 5, 9

*Polar Electro Oy v. Suunto Oy*,
  829 F.3d 1343 (Fed. Cir. 2016)................................................................................................. 4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*,
  482 U.S. 522 (1987)................................................................................................................... 9

*Taser Intl., Inc. v. Phazzer Elecs., Inc.*,
  754 Fed. App'x 955 (Fed. Cir. 2018)........................................................................................ 4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*,
  No. 219-CV-00259-JRG-RSP, 2020 WL 1433960 (E.D. Tex. Mar. 24, 2020) ...................... 1, 4

*United States v. Garrett*,
  571 F.2d 1323 (5th Cir. 1978) ............................................................................................ 4

*Williams v. Tava Ventures, Inc.*,
  No. 4:24-CV-122-SDJ, 2024 WL 4024037 (E.D. Tex. May 14, 2024) ...................................... 5

*Wyatt v. Kaplan*,
  686 F.2d 276 (5th Cir. 1982) ............................................................................................ 10

*YETI Coolers, LLC v. Magnum Solace, LLC*,
  No. 1:16-CV-663 RP, 2016 WL 10571903 (W.D. Tex. Oct. 19, 2016) .................................. 8

Rules

Federal Rule of Civil Procedure 26 ...................................................................................... 4, 7, 8

Federal Rule of Civil Procedure 34 ...................................................................................... 8

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Nuvei seeks to stay this case pending resolution of a jurisdictional dispute it has raised without basis, and resolution of which Nuvei has stonewalled by refusing to provide relevant discovery.[1]

The essence of Nuvei's argument is that continued merits discovery is unnecessary because the case will soon be dismissed for lack of personal jurisdiction. But Nuvei has refused to produce all of the evidence that could bear on the issue of personal jurisdiction, despite ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[2] And on top of that, ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Nuvei bears the burden to show good cause for a stay and rebut "the presumption . . . that discovery shall proceed notwithstanding the filing of a motion to dismiss." *See Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 219-CV-00259-JRG-RSP, 2020 WL 1433960, at *8 (E.D. Tex. Mar. 24, 2020). Nuvei has failed to carry its burden for four reasons. **First**, Autoscribe's prima facie showing of personal jurisdiction is sufficient to survive the motion to dismiss, meaning the there is no reason for the Court to stay merits discovery. *See* Dkt. 55. **Second**, a stay would prejudice Autoscribe and reward Nuvei for its gamesmanship. **Third**, Nuvei has failed to make any particularized showing that continued discovery would be unduly burdensome. **Fourth**, even

---

[1] Concurrently with this Response, Autoscribe files a Response to Nuvei's Motion to Dismiss (Dkt. 55). As detailed in that Response (and below), Autoscribe has sufficiently established jurisdiction despite Nuvei's refusal to comply with the agreed discovery, but to the extent the Court disagrees, Autoscribe requests that its Motion to Compel (Dkt. 45) be granted so that it may supplement its Response with additional evidentiary support.

[2] *See* Ex. A at 2–4; Philips Decl. at ¶¶ 3–5.

if the Court stays merits discovery, the Court cannot grant Nuvei's motion without further jurisdictional discovery.

## I.    FACTUAL BACKGROUND

Autoscribe filed its original Complaint on May 3, 2024, bringing patent infringement claims against three Nuvei entities: one U.S.-based entity (Nuvei Technologies, Inc.) and two Canadian entities (Nuvei Corporation and Nuvei Technologies Corporation).[3] Nuvei moved to dismiss, arguing ███████████████████████████████████████████████████████████████████████████.[4]

To resolve these disputes, Autoscribe requested limited jurisdictional discovery, including eight interrogatories and eight requests for production. These requests sought information for ***all*** Nuvei entities and defined "Nuvei" to include all "parents, subsidiaries, and affiliates . . . not limited to the defendants in this case."[5] Among other things, Autoscribe specifically requested:

- Identification of ***any*** Nuvei entities associated with the accused instrumentalities (Interrogatory No. 3).
- Identification of the Nuvei entity that hosts, operates, or pays for ***each*** server or datacenter providing services to Nuvei customers (Interrogatory No. 5).
- Identification of ***each*** Nuvei entity that serves as an ISO or MSP for transactions involving the accused instrumentalities (Interrogatory No. 6).
- Documents sufficient to show ***which*** Nuvei entities created, commissioned, and paid for any marketing materials Nuvei produced relating to the accused instrumentalities (RFP No. 8).[6]

Following a conference with Nuvei's counsel on September 10, 2024, Autoscribe wrote to confirm that Nuvei had expressed no objection to the above requests.[7] In response, Nuvei's counsel

---

[3] Dkt. 1
[4] Dkt. 15
[5] *See* Phillips Decl. at ¶ 3.
[6] *See* Phillips Decl. at ¶ 3; Ex. B (summarizing RFP No. 8 in greater detail); Ex. C at 1–2 (summarizing Interrogatories 3, 5, and 6 in greater detail).
[7] Ex. A at 2–4.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

noted only some "slight differences" on two unrelated requests and stated no writ-large objection to producing information for non-defendant Nuvei entities.[8]

Although Nuvei's responses were ultimately deficient—for example, it failed to substantially respond to seven out of the eight interrogatories—[9] Autoscribe amended its complaint based on the limited information Nuvei did provide, adding claims against Nuvei International Group Limited ("NIGL") and Nuvei Limited ("NL").[10] Nuvei moved to dismiss, again contesting personal jurisdiction.[11]

Notably, Nuvei's argued grounds for dismissal included additional factual allegations that further implicated Autoscribe's original jurisdictional discovery requests.[12] ███████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████[13]

Accordingly, Autoscribe moved to compel additional jurisdictional discovery,[14] and Nuvei opposed.[15] Now, Nuvei seeks to entirely avoid participating in merits discovery under this Court's

---

[8] Ex. A at 2.
[9] *See generally* Ex. B (summarizing Nuvei's deficient document productions); Ex. C (summarizing Nuvei's deficient interrogatory responses).
[10] Dkt. No. 35, Plaintiff's Amended Complaint for Patent Infringement.
[11] Dkt. No. 41.
[12] ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████
[13] Ex. D.
[14] Dkt. 46.
[15] Dkt. 52.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

governing orders and stay the case, apparently hoping that it can avoid jurisdiction by refusing to produce documents that may undermine its position. Nuvei's request should be denied.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, the party seeking a stay of discovery bears the burden to show good cause. *See United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). To establish good cause, the movant must demonstrate the "necessity" of a stay through "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

A pending dispositive motion does not inherently justify a stay—rather, "the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss." *Uniloc*, 2020 WL 1433960, at *8; *see also Taser Intl., Inc. v. Phazzer Elecs., Inc.*, 754 Fed. App'x 955, 961 (Fed. Cir. 2018) ("[A] request to stay discovery is rarely appropriate unless resolution of the motion will dispose of the entire case."). Accordingly, before granting a stay pending a motion to dismiss, the court must evaluate the motion's merits to determine if it is clearly meritorious and truly case dispositive. *See McCabe v. Foley*, 233 F.R.D. 683, 686 (M.D. Fla. 2006).

## III.   ARGUMENT & AUTHORITIES

**A.   Merits discovery should continue because Autoscribe has made a prima facie showing of personal jurisdiction such that dismissal is unwarranted.**

Staying discovery would be inappropriate because the pending motion to dismiss is not likely to dispose of the case. As explained in Autoscribe's response to the motion to dismiss,[16] the uncontroverted factual allegations in the Amended Complaint make a prima facie showing of personal jurisdiction sufficient to survive dismissal. *See Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1347 (Fed. Cir. 2016) (explaining that only a prima facie showing is required when,

---

[16] Dkt. 55, at 8–13.

4

following jurisdictional discovery, the jurisdictional facts are in dispute, and no jurisdictional hearing has taken place). Accordingly, Nuvei's central argument fails—far from "unnecessary," continued merits discovery is a near certainty, and Nuvei should not be allowed to delay the inevitable.

Exercising specific personal jurisdiction is proper when (1) the defendant purposefully directed activities at residents of the forum; (2) the claim arises out of or relates to those activities; and (3) assertion of personal jurisdiction is reasonable and fair. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). The uncontroverted allegations in the Amended Complaint and the evidence in Nuvei's own documents show that ███████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████ This type of purposeful availment is sufficient for personal jurisdiction over a foreign defendant operating through a domestic sister company. *See Nuance*, 626 F.3d at 1234.

Nuvei's caselaw analogies[17] are therefore inapposite, because in each case the court granted a stay only after finding the defendants' grounds for dismissal to be particularly strong. *See Williams v. Tava Ventures, Inc.*, No. 4:24-CV-122-SDJ, 2024 WL 4024037 (E.D. Tex. May 14, 2024) (noting that a stay is "the exception rather than the rule" but staying discovery because

---

[17] *See* Dkt. 54, p. 7.

defendants' motion "raises significant challenges to Plaintiffs' complaint"); *Gardner v. Gary Sinise Found.*, No. 4:23-CV-99-SDJ, 2023 WL 5987397 (E.D. Tex. June 5, 2023) (noting that a stay is "the exception rather than the rule" but staying discovery because defendants' motion "raises significant procedural and substantive challenges to [Plaintiffs'] complaint"); *Armstrong v. Cumberland Acad.*, No. 6:20-CV-00526, 2021 WL 2784296, at *2 (E.D. Tex. Mar. 22, 2021) (noting that "the strength of the dispositive motion filed by the party seeking a stay" is a factor and granting a stay only after finding "that [Defendant's] case is a strong one"). By comparison, Nuvei's motion to dismiss fails to controvert Autoscribe's key allegations, ignores the contents of its own documents, and incorrectly assumes that purposeful availment cannot occur without a physical presence in Texas.[18] Accordingly, it is not the kind of clearly meritorious dispositive motion that warrants a stay.

**B.     Staying merits discovery would prejudice Autoscribe, and Nuvei's arguments to the contrary fail.**

Granting a stay would only exacerbate the prejudice to Autoscribe by rewarding Nuvei's gamesmanship on jurisdictional discovery with a stay of merits discovery as well. The contrary arguments raised by Nuvei are meritless and disingenuous.

First, Nuvei claims that Autoscribe "admits" discovery is unnecessary because Autoscribe asserted a ***preliminary*** showing of personal jurisdiction in its Motion to Compel.[19] This is nonsensical. A preliminary showing of jurisdiction is exactly what ***justifies*** jurisdictional discovery,[20] and Autoscribe has not somehow forfeited its right to seek discovery by asserting it.[21]

---

[18]  *See* Dkt. 55 at 13–18.
[19]  *See* Dkt. 54 at 10.
[20]  *See* Dkt. 45 at 3 (citing *Fielding v. Hubert Burda Medai, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)).
[21]  A "preliminary showing," which is the requirement for jurisdictional discovery, is "something less than a *prima facie* showing" required to defeat a 12(b)(2) motion to dismiss. *Graftech Int'l*

6

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

On the other hand, if the Court agrees with Autoscribe that Nuvei has failed to rebut Autoscribe's showing of personal jurisdiction, then the motion to dismiss should be denied and merits discovery should get fully under way. Either way, a stay is unwarranted.

Second, Nuvei argues that any cost, inconvenience, or delay should not be considered prejudicial because Autoscribe has "sat on its hands."[22] This is untrue. Autoscribe informed Nuvei of its position that merits discovery would be open and would cover the information it had been seeking. Autoscribe has participated in fact discovery by making all of its required document productions.[23] Only now that Autoscribe is pressing on Nuvei's failures has Nuvei suggested otherwise. Meanwhile, Nuvei has not only failed to provide the agreed jurisdictional discovery, but also has not provided its source code with initial disclosures as required by Local Patent Rule 3-4.[24] As Defendants acknowledge, five months of discovery remain.[25] That is plenty of time, as long as Nuvei complies with the rules. A stay, however, would ensure that this case falls off its original schedule. Nuvei has failed to justify such a result.[26]

C.  **Nuvei would not be unduly burdened by continued merits discovery.**

Given the fundamental flaws in its argument, Nuvei cannot make the good cause showing required for a stay. To establish good cause under Rule 26(c), a party must show that a stay is

---

*Holdings, Inc. v. GC&S Co., Ltd.*, No. 2:12-cv-00720-JRG, 2014 WL 12591876, at *7 (E.D. Tex. Apr. 8, 2014) (granting jurisdictional discovery where plaintiff had made a preliminary showing of personal jurisdiction). Thus, asserting a preliminary showing does not logically imply that a motion to dismiss can (or cannot) be resolved without additional discovery.
[22] *See* Dkt. 54 at 10–11.
[23] [redacted]
[24] Phillips Decl. at ¶ 11.
[25] *See* Dkt. 54 at 11.
[26] [redacted]

necessary to prevent "annoyance, embarrassment, oppression, or **undue** burden or expense." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016) (quoting FED. R. CIV. P. 26) (emphasis added). Defendants do not meet this standard. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First, Nuvei attempts to skirt the good cause requirement by arguing that "[e]ven minimal discovery costs" are unwarranted, provided the Court simply assumes that personal jurisdiction does not exist. *See* Dkt. 54 at 9. This is the wrong analysis. Under Rule 26(c), the Court must **not** assume that Defendants' motion to dismiss will be granted—instead, it must consider the actual merits of Defendants' motion (or lack thereof) while weighing a specific showing of burden. *See YETI*, 2016 WL 10571903, at *1-2 (citing FED. R. CIV. P. 26). As explained, Nuvei's motion lacks merit, so this factor weighs against a stay.

Compounding the problem, Nuvei makes no actual, specific showing that it will be unduly burdened. Nuvei claims generally that discovery will be "anything but minimal" and complains that several requests, such as Autoscribe's request for "all documents" related to the case, are too broad.[27] But a motion to stay is not the appropriate method to raise this kind of routine objection to breadth. Rather, the appropriate method is to make a discovery objection where appropriate under Federal Rule of Civil Procedure 34(b)(2)(B), so that the parties can confer and work out the proper scope, if necessary. *See BioTE Med., LLC v. Jacobsen*, No. 4:18-CV-00866, 2021 WL 327505, at *2 (E.D. Tex. Feb. 1, 2021) (explaining that Rule 34 requires parties to either comply

---

[27] Dkt. 54 at 9.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

with or object to discovery requests). That Nuvei would prefer to ignore the discovery requests entirely does not warrant a stay.

Nuvei also argues that complying with discovery requests would be unduly burdensome and expensive ▮.[28] There is no authority for this. In fact, foreign litigants remain subject to discovery requests even when evidence is located abroad. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 539-40 (1987). Moreover, "a stay of discovery is not warranted to prevent the usual costs of litigation." *Glover v. Argonaut Ins. Co.*, No. 22-445-SDD-SDJ, 2025 U.S. Dist. LEXIS 7755, at *5-6 (M.D. La. Jan. 15, 2025). ▮

▮.[29] In other words, this is just part of the usual costs of litigation for Nuvei, not an exceptional circumstance warranting a stay. ▮

▮ *Cf. Nuance*, 626 F.3d at 1234 (explaining that these factors ameliorate burden for foreign defendants). Accordingly, Defendants fail to show undue burden or expense.

**D.     At a minimum, a stay is inappropriate if it inhibits Autoscribe's opportunity to develop a factual record to oppose Nuvei's jurisdictional challenge.**

A stay of discovery is not appropriate when it could prevent a party from "having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Conquest v. Camber Corp.*, No. 5:13-CV-1108-DAE, 2014 WL 172500, at *2 (W.D. Tex. Jan. 13,

---

[28] *See* Dkt. 54 at 9–10.
[29] ▮

9

2014) (quoting *Kutilek v. Gannon,* 132 F.R.D. 296, 298 (D.Kan.1990)). While a stay may be drawn to preclude jurisdictional discovery "when the lack of personal jurisdiction is ***clear***," this rule is not implicated when "the motion to dismiss raises issues of fact" relevant to personal jurisdiction. *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841 (5th Cir. 2000) (emphasis added). And, in cases where "the plaintiff was improperly denied discovery" on jurisdictional issues pending a motion to dismiss, the Fifth Circuit "will not hesitate to reverse a dismissal for lack of personal jurisdiction." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982).

As explained in Autoscribe's response (*see* Dkt. 55), Autoscribe has presented sufficient evidence to defeat Nuvei's jurisdictional challenge. But to the extent the Court disagrees, or believe there are still questions to be resolved, staying discovery would be improper because discovery would be the appropriate way to address these factual issues. By refusing to provide jurisdictional discovery on the one hand, and refusing merits discovery on the other, Nuvei is attempting to game the system to halt this case in order to secure dismissal. This is not permissible.

## IV.   CONCLUSION

Given Defendants' failure to show good cause and the potential prejudice to Autoscribe, Autoscribe respectfully requests that the Court deny the motion to stay and permit discovery to continue while the motion to dismiss is pending. If a stay is granted, Autoscribe requests that the Court allow limited jurisdictional discovery as described in Plaintiffs' Motion to Compel Additional Jurisdictional Discovery [Dkt. 45].

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

| | |
|---|---|
| Dated: March 11, 2025 | Respectfully submitted, |

/s/ *Jason McManis*
Jason McManis (SBN# 24088032)
Colin Phillips (SBN# 24105937)
Chun Deng (SBN# 24133178)
Angela Peterson (SBN# 24137111)
Michael Killingsworth (SBN# 24110089)
Sean Healey (SBN# 24142997)
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
jmcmanis@azalaw.com
cphillips@azalaw.com
cdeng@azalaw.com
apeterson@azalaw.com
mkillingsworth@azalaw.com
shealey@azalaw.com

Andrea L. Fair (SBN# 24078488)
Miller, Fair & Henry PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
(903) 757-2323 (fax)
andrea@millerfairhenry.com

***Attorneys for Autoscribe Corporation***

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on March 11, 2025, a true and correct copy of the foregoing document was served via electronic delivery to all counsel of record.

                                               */s/ Jason McManis*
                                               Jason McManis

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

    The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case on October 23, 2024 (Dkt. 32).

                                               */s/ Jason McManis*
                                               Jason McManis