IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Autoscribe Corporation § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No.: 2:24-cv-00325 |
| § | |
| Nuvei Corporation, Nuvei Technologies § | JURY TRIAL DEMANDED |
| Corporation, Nuvei Limited, and Nuvei § | |
| International Group Limited § | |
| § | |
| *Defendants.* § | |

**PLAINTIFF'S SUR-REPLY IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO STAY**

Nuvei's Reply does not solve the flaws in its Motion to Stay, but it does highlight a few them: **(1)** Nuvei argues that the mere filing of a jurisdictional motion to dismiss inherently merits a stay, even though the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss. **(2)** Nuvei backtracks on its argument that a stay would not prejudice Autoscribe because Autoscribe can defend against Nuvei's Rule 12(b)(2) motion without additional discovery[1]—Nuvei now acknowledges that if a stay is granted, it would not apply to jurisdictional discovery. **(3)** Nuvei argues that Autoscribe would not be prejudiced by the delayed resolution of this case, but this ignores the fact that Nuvei is a direct competitor of the much smaller Autoscribe. **(4)** Nuvei's main argument in support of "good cause" is simply that the defendants are foreign.

## I.     ARGUMENT

**A. Nuvei misstates the case law—under its misinterpretation, *any* motion to dismiss on jurisdictional grounds would inherently merit a stay.**

Nuvei's Reply revisits *Williams*, *Gardner*, and *Armstrong*, arguing that a stay is merited because a challenge to the Court's jurisdiction is a "substantial argument for dismissal." Dkt. 58 at 1–2. The logical conclusion of Nuvei's argument is that the filing of a Rule 12(b)(2) motion would inherently merit a stay. But (in the context of Rule 12(b)(6)), "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect"—and the same logic applies here are well. *YETI Coolers, LLC v. Magnum Solace, LLC*, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016) (elaborating that "In fact, such a notion is directly at odds with the need for expeditious resolution

---

[1] *Compare* Dkt. 58 at 3 (the stay does not apply to jurisdictional matters) *with* Dkt. 54 at 10 ("a stay of discovery does no harm where discovery is not necessary to develop facts to help defend against Defendant's [jurisdictional] Motion to Dismiss...") (quotations omitted) (citing *Armstrong v. Cumberland Acad.*, 2021 U.S. Dist. LEXIS 126429, at *6 (E.D. Tex. Mar. 22, 2021)).

of litigation.").[2] What Nuvei misses is that *Williams*, *Gardner*, and *Armstrong* each had significant circumstances beyond the existence of a challenge to the Court's jurisdiction which merited the stay—and none of those challenges required jurisdictional discovery:

*Williams* focused on two issues: (1) there were additional grounds for dismissal beyond jurisdiction, and (2) the motions to dismiss in could be granted at an early stage of the case without the need for discovery. *See Williams v. Tava Ventures, Inc.*, 2024 WL 4024037, at *1 (E.D. Tex. May 14, 2024) ("Here, the question of personal jurisdiction … is ripe for determination without needing discovery."). But here, jurisdiction is Nuvei's only grounds for dismissal.

In *Gardner*, the motion raised **multiple** grounds for dismissal "which can be resolved without discovery." *Gardner v. Gary Sinise Found.*, 2023 WL 5987397, at *1 (E.D. Tex. June 5, 2023). Similarly, in *Armstrong*, the defendant sought dismissal on the "purely legal" (and apparently well-founded) grounds. 2021 WL 2784296, at *2. Unlike here, *Gardner* and *Armstrong* could both be dismissed without jurisdictional discovery.

Later in its Reply, Nuvei also incorrectly implies that the Fifth Circuit requires "that discovery should be stayed 'until preliminary questions [related to the proper parties] that may dispose of the case are determined.'" Dkt. 58 at 4 (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). The full quote emphasizes that such a stay is discretionary, not mandatory:

> "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. ***Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion***. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties[.]"

---

[2] "The presumption [is] that discovery shall proceed notwithstanding the filing of a motion to dismiss." *See Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, 2020 WL 1433960, at *8 (E.D. Tex. Mar. 24, 2020). *See also Kaneka Corp. v. JBS Hair, Inc.*, 2011 WL 13167931, at *1 (N.D. Tex. Mar. 30, 2011) (rejecting a stay "because a cursory review of the pending [jurisdictional] Motion to Dismiss does not reveal that the grounds for dismissal are so clear that a stay is necessary.").

*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citation omitted).

> **B. Autoscribe would be significantly prejudiced by a stay of this direct-competitor litigation—and Nuvei's counter-arguments alleging that Autoscribe refuses to cooperate with discovery are facially absurd.**

In its Reply, Nuvei argues that "the potential of a new schedule is not a form of prejudice," Dkt. 58 at 4—but this is not the case where, as here, the parties are direct competitors in the market place. *See Voltstar Techs., Inc. v. Superior Communications, Inc.*, No. 2:12-CV-00082-JRG, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013) (A "stay may unduly prejudice the patentee, who has an interest in the timely enforcement of its patent right. … This is especially so where the parties are direct competitors in the market place.") (citations and internal quotes omitted); *see also* Dkt. 41-8 at 11 (Nuvei states that "We compete with a range of providers for various components of our offering across markets, channels and verticals. Globally, our competitors include integrated payment providers focused on eCommerce channels […], and other payment processors […].") *and* Dkt. 35 at ¶¶ 12, 20 (Autoscribe points out that Nuvei and Autoscribe are in direct competition.). Because Nuvei directly competes with the much smaller Autoscribe, the potential of a new schedule *is* a form of prejudice against Autoscribe.

Instead, in its Reply, Nuvei's primary argument in support of a lack of prejudice is a baseless goose and gander argument, stemming from Autoscribe's alleged unwillingness to engage in discovery.[3] But Nuvei cannot point to discovery that it has requested but not received. For example, Nuvei complains that Autoscribe has not produced its "claim construction positions in those cases"—but as Nuvei acknowledges, all such briefing was publicly filed. *See Autoscribe Corporation v. M&A Ventures, LLC*, Case No. 1:24-cv-04282, N.D. Georgia at Dkts. 98, 139–42

---

[3] As Autoscribe points out in its Response, Nuvei's original argument was that Autoscribe had entirely refused to comply with discovery, but that is incorrect—Autoscribe has begun production and has stated its intent to continue merits discovery as the case progresses. *See* Dkt. 56 at 7.

(The joint claim construction statement and claim construction briefing were filed from August 2, 2024 through January 24, 2025). Similarly, though Nuvei complains that Autoscribe has not produced its source code, Nuvei does not (and cannot) claim that it has requested Autoscribe's source code or attempted to initiate a code review under the protective order. Dkt. 32.

### C. Nuvei has not established "good cause" to stay the case.

*Autoscribe need not replicate its Rule 12(b)(2) briefing in its Response to the Motion to Stay:*

Nuvei complains that Autoscribe's Response to its Motion to Stay does not adequately rebut the Motion to Dismiss. *See* Dkt. 58 at 2 ("Autoscribe proclaims victory, asserting—without evidence, citation, or pleading—that its allegedly uncontroverted facts provide personal jurisdiction"). But Autoscribe was not required to re-hash its concurrent Response to Nuvei's Motion to Dismiss (Dkt. 55, which thoroughly addresses personal jurisdiction with 23 exhibits and citations to more than a dozen cases), especially when Autoscribe repeatedly references Dkt. 55 in its Response to Nuvei's Motion to Stay. *See* Dkt. 56 at 1, 10, n.1, n.12, n.16, n.18, and n.29.

*Nuvei misstates Autoscribe's arguments:*

Nuvei incorrectly claims Autoscribe argues that non-defendant NTI is "the same company as" defendant NIGL. *See* Dkt. 58 at 2. But Autoscribe's argument is not that NGIL and NTI are one-and-the-same, it is that NGIL uses NTI as its DBA. *See, e.g.*, Dkt. 55 at 10 (Nuvei's "listing of [NTI] as one of its DBAs demonstrates [NIGL] has ultimate control of the use of the accused instrumentalities [offered] to U.S. merchants."); *see also* Dkt. 56 at 5.

Similarly, to contrast t with other cases where the evidence did "not show that the [forum state] was a **target market**," *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1379 (Fed. Cir. 2019) (emphasis added), Autoscribe cited a Nuvei "case study" boasting of its partnership with a "Texas regional utility," then pointed out that Nuvei hosts documentation on a server in Texas. *See* Dkt. 55 at 12 (contrasting Ex. 12 and 22 with *NexLearn*). Autoscribe does not claim

4

that Ex. 12 or 22 literally use the words "target market"—it is pointing out that these documents show that Nuvei treats Texas as a target market. *Compare* Dkt. 55 at 11–12 *and* Dkt. 56 at 5 *with* Dkt. 58 at n.1 (Nuvei's websites "don't mention 'target markets' at all").

***Nuvei's only argument for the proposition that merits discovery is somehow more burdensome here than in a typical patent case is that the defendants are foreign:***

Nuvei complains that it should not be forced to engage in merits discovery due to the burden as foreign defendants. Dkt. 58 at 5 (referencing "the burden of conducting interviews with personnel on other continents."). Nuvei does not cite cases supporting such a blanket rule. Instead, Nuvei relies on a case which stands for the proposition that U.S. courts should be vigilant in protecting foreign defendants from unnecessary or unduly burdensome discovery or bad faith "discovery abuses." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987); Dkt. 58 at 5. But aside from coordinating with international personnel, Nuvei's primary example of a burden is source code on servers in foreign countries. Dkt. 54 at 9–10 (referencing requested ***jurisdictional*** discovery). But Nuvei has stated that it is ***not*** attempting to stay jurisdictional discovery, *see* Dkt. 58 at 3, and it does provide any basis to believe that accessing a source code server over the internet is complicated by physical location of that server. In short, the Supreme Court's concerns are not at play here.

***Nuvei itself created the circumstances which it now argues necessitate a stay:***

The jurisdictional dispute could have been fully briefed months earlier, had Nuvei not stalled by withholding previously agreed jurisdictional discovery. *See* Dkt. 45 at 3–4; Dkt 56 at 7. Nuvei cannot succeed in dismissing this case until it has provided jurisdictional discovery. *See* Dkt. 55 at 17; Dkt. 56 at 9–10. In the extremely unlikely circumstance that Nuvei succeeds its jurisdictional challenge, any discovery expenses Nuvei incurs during the self-inflicted delay would be its own doing. Nuvei should not be rewarded with a stay for its refusal to cooperate.

Dated: March 25, 2025                                   Respectfully submitted,

/s/ Jason McManis
Jason McManis (SBN# 24088032)
Colin Phillips (SBN# 24105937)
Chun Deng (SBN# 24133178)
Angela Peterson (SBN# 24137111)
Michael Killingsworth (SBN# 24110089)
Sean Healey (SBN# 24142997)
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
jmcmanis@azalaw.com
cphillips@azalaw.com
cdeng@azalaw.com
apeterson@azalaw.com
mkillingsworth@azalaw.com
shealey@azalaw.com

Andrea L. Fair (SBN# 24078488)
Miller, Fair & Henry PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
(903) 757-2323 (fax)
andrea@millerfairhenry.com

**Attorneys for Autoscribe Corporation**

6

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on March 25, 2025, a true and correct copy of the foregoing document was served via electronic delivery to all counsel of record.

                  */s/ Jason McManis*
                  Jason McManis