IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AUTOSCRIBE CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00325 |
| | § | |
| NUVEI CORPORATION, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Compel Additional Jurisdictional Discovery (the "Motion") filed by Plaintiff Autoscribe Corp. ("Plaintiff"). (Dkt. No. 45.) In the Motion, Plaintiff requests that the Court compel (a) Defendants Nuvei Int'l Grp. Ltd. and Nuvei Ltd. to respond to "the same eight interrogatories" that Nuvei Corp. and Nuvei Tech. Corp. have responded to ("Interrogatory Nos. 1-8"), (b) Defendants Nuvei Corp., Nuvei Tech. Corp., Nuvei Ltd., and Nuvei Int'l Grp. Ltd. (together, the "Defendants") to provide "full answers" to Interrogatory Nos. 1-8, and (c) Defendants to produce "any agreements involving the named entities related to providing the accused instrumentalities for use, marketing or sale by other Nuvei entities." (*Id*. at 6-7.) Having considered the Motion and the related briefing, and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED**.

I. **BACKGROUND**

On May 03, 2024, Plaintiff filed the Original Complaint for Patent Infringement, alleging that defendants Nuvei Corp., Nuvei Tech. Corp. and Nuvei Tech., Inc. (collectively, the "Original Defendants") infringe U.S. Patent No. 11,620,621 (the "Asserted Patent"). (Dkt. No. 1 at ¶¶ 14,

23.) Defendants then moved to dismiss the original complaint for lack of personal jurisdiction and improper venue. (*See generally* Dkt. No. 15).

To overcome the Original Defendants' venue challenge, Plaintiff dropped Nuvei Tech., Inc. (the only U.S. based company among the Original Defendants) from the case in the Amended Complaint for Patent Infringement. (Dkt. No. 35 at ¶ 10.) However, Plaintiff added Nuvei Ltd. and Nuvei Grp. Ltd. as Defendants. (*See generally Id*.) Defendants subsequently moved to dismiss the Amended Complaint (Dkt. No. 35) for lack of personal jurisdiction. (Dkt. No. 45.)

## II.     LEGAL STANDARD

The rules of discovery "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-cv-00042, 2020 WL 6559869, at *2 (E.D. Tex. Nov. 9, 2020) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show specifically why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id*.

### III. ANALYSIS

#### (a) *Nuvei Ltd. and Nuvei Int'l Grp. Ltd. to Respond to Interrogatory Nos. 1-8*

In the Motion, Plaintiff asks the Court to compel Defendants Nuvei Ltd. and Nuvei Int'l Grp. Ltd. to respond to Interrogatory Nos. 1-8. (Dkt. No. 45 at 6.) Plaintiff argues that the responses will discern the roles each of the Defendants play in providing and marketing the accused instrumentalities to customers in the Eastern District of Texas. (*Id*.)

In response, Defendants argue that Plaintiff's request is untimely. (Dkt. No. 52 at 2-5.) Defendants point to the Order Granting Leave to Conduct Expedited Venue Discovery (the "Order") (Dkt. No. 20), insisting that the Court ordered the close of jurisdictional discovery. (Dkt. No. 52 at 3.)

Contrary to Defendants' view, Plaintiff's request is timely. The Court also notes that Defendants did not argue Plaintiff's request is irrelevant, overly broad, unduly burdensome, or oppressive. *See Tim Long Plumbing, Inc.*, 2020 WL 6559869, at *2 (citing *Export Worldwide, Ltd.*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)).

Accordingly, the Court finds that the request falls within the scope of discovery.

#### (b) *Full Answers to Interrogatory Nos. 1-8*

In the Motion, Plaintiff also asks the Court to compel all Defendants to provide "full answers" to Interrogatory Nos. 1-8. (Dkt. No. 45 at 6-7.) Specifically, Plaintiff argues that Defendants have prevented discovery regarding the "operations and marketing" of the accused instrumentalities by failing to identify the entity that administers nuvei.com and posted a documentation guide. (*Id*. at 7.) Plaintiff also contends that the complete responses will "allow for complete evaluation of which entities directed their activities related to the accused instrumentalities to the Eastern District." (*Id*.)

In response, Defendants argue that Interrogatory Nos. 1-8 only sought information regarding the marketing of the accused instrumentalities—not their operation. (Dkt. No. 52 at 6.) Defendants then assert that they fully answered Interrogatory Nos. 3, 7, and 8. (*Id*. at 6.)

Defendants did not provide full answers to Interrogatory Nos. 1-8. Interrogatory No. 8 relates to Defendants' websites and social media, but Defendants' answer only discusses social media. (Dkt. No. 52-2 at 17.) Interrogatory No. 3 seeks the identity of any entity that markets or advertises the Accused Instrumentalities, but Defendants merely provided that *certain* marketing materials were "created by NTI." (*Id*. at 10-12.) Defendants' arguments do not persuade the Court otherwise.

Accordingly, the Court finds that the request is within the scope of permissible discovery.

### (c) *Corporate Affiliate Agreements*

Plaintiff further requests the Court to compel Defendants to provide any agreements involving them related to providing the accused instrumentalities for use, marketing, or sale by other Nuvei entities. (Dkt. No. 45 at 7-8.) Plaintiff argues that any agreement that enables one of Defendants' corporate affiliates to sell services involving the accused instrumentalities in the United States is relevant to the Court's exercise of jurisdiction. (Dkt. No. 45 at 7-8.)

In response, Defendants argue that the "requested corporate affiliate agreements are irrelevant to this case" because Plaintiff did not plead any blurring of the corporate form. (Dkt. No. 52 at 7.) Defendants also insists that this request goes beyond the requests Plaintiff has served. (*Id*. at 6.)

The affiliate agreements will likely inform Plaintiff of facts related to Defendants' alleged targeting of Eastern District of Texas markets, which goes toward Plaintiff's claim of jurisdiction. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 ("The allegations are that

4

defendants purposefully shipped the accused fan into Virginia through an established distribution channel. The cause of action for patent infringement is alleged to arise out of these activities. No more is usually required to establish specific jurisdiction") (citation omitted).

Accordingly, the Court finds that the request is within the scope of permissible of permissible discovery.

IV. **CONCLUSION**

For the reasons stated above, the Court finds that the Motion (Dkt. No. 45) should be and hereby is **GRANTED**. Accordingly, the Court **COMPELS** Nuvei Ltd. and Nuvei Int'l Grp. Ltd. to respond to Interrogatory Nos. 1-8 by **April 30, 2025**. The Court also **COMPELS** Defendants to produce fulsome responses to Interrogatory Nos. 1-8 by **April 30, 2025** as specified herein. The Court further **COMPELS** Defendants to produce any agreements involving them and related to providing the accused instrumentalities for use, marketing, or sale by other Nuvei entities by **April 30, 2025**.

Additionally, the Court **ORDERS** Plaintiff to supplement its Response to Defendants' Rule 12(b)(2) Motion to Dismiss (Dkt. No. 55) by **May 8, 2025**.

**So Ordered this**
**Apr 20, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE