## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| AUTOSCRIBE CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO.  2:24-CV-00325-JRG |
| | § | |
| NUVEI CORPORATION, NUVEI | § | |
| TECHNOLOGIES CORPORATION, | § | |
| NUVEI LIMITED, and NUVEI | § | |
| INTERNATIONAL GROUP LIMITED | § | |
| | § | |
| *Defendants*. | § | |

## E-DISCOVERY ORDER

The Court **ORDERS** as follows:

1.     This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.     This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.     A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.     Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall only be required to include the following metadata fields to the extent such

information exists:

| FIELD | DEFINITION |
|---|---|
| BegDoc | Beginning Bates number assigned to each page/document |
| EndDoc | Ending Bates number assigned to each page/document |
| Custodian | Document custodian (Last name, First name) |
| FileName | Name of document |
| FileType | File extension (xls, doc, etc.) |
| Confidentiality | Protective Order designation (such as "Confidential") |

Additionally, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist. To the extent a producing Party[1] wishes to rely upon the metadata in a document it has produced to establish its date, the Party shall provide written notice of its intent to use such metadata and a copy of the native of the document with the original metadata intact.

5.    Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

(a) **General Document Image Format**. Each electronic document not produced in native format shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

(b) **Text-Searchable Documents**. No party has an obligation to make its production

---

[1]  For the purposes of this ESI Order, Nuvei Corporation, Nuvei Technologies Corp., Nuvei International Group Limited, and Nuvei Limited shall collectively be considered one party.

text- searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

(c) **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

(d) **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

Native documents shall be named with the original file extension and the beginning Bates number for the document, and produced with a slipsheet indicating that the document was produced in native format and containing both the beginning Bates number for the document and the appropriate confidentiality designation.

The parties agree that all spreadsheet, database, video, and audio files shall be produced in native form without a need for a specific request to the extent that native copies of such files are within a party's possession, except TIFF or PDF images of spreadsheets may be produced for redacted files.

(e) **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the

present case.

(f) **Voicemail, Mobile Devices, Text Messages, Social Media.** Absent a showing of good cause, voicemails, PDAs and mobile phones, and communications on iMessage and Snapchat are deemed not reasonably accessible and need not be collected and preserved.

(g) **Translation**. All documents shall be produced in their original language, if that is how the document is kept in the ordinary course of business. Where a requested English-language version(s) of that document is created in the ordinary course of business and located as part of the reasonable search for the foreign language document, the producing party shall produce the foreign language version and the English-language version(s) of that document. In addition, if either party has or obtains during the course of this action a certified translation of a foreign language document that party shall produce both the original document and the certified translation either: (1) within fifteen (15) business days of obtaining the translation; (2) at the time it is relied upon in any filing with the Court, deposition, or expert report should the certified translation be relied upon in a Court filing, deposition, or expert report should the certified translation be relied upon in a Court filing, deposition, or expert report, or (3) at the time of service of trial exhibits in this action, whichever is earlier. Nothing in this paragraph obligates a party to produce certified translation of any documents that will not be relied upon before the Court, during deposition, or in an expert report.

6.    General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or

other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7.    E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the fifteen most significant listed e-mail custodians in view of the pleaded claims and defenses,[2] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each requesting party may also propound up to three written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8.    E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

---

[2]  A "specific identification" requires a short description of why the custodian is believed to be significant.

9.    Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10.    A search provided in multiple languages (or regional variations in spelling) counts as one single search, provided each translated version of the search contains no differences other than the language of the search terms. Parties may, but are not required to, request a search in every language they reasonably believe the communication sought could be found.

11.    The parties shall confer in good faith to determine search terms and temporal limits for each custodian. Any attachment to an e-mail shall be considered a family member of that e-mail (and of the other attachments to that email) and vice versa. A document

6

hit count shall be calculated to include each document containing one or more search terms. The family members of a document should not be included in the hit count unless they themselves contain one or more search terms, and two identical documents returned by the same search should not be double counted. The parties agree to reasonably exchange hit counts per custodian/term pair and revise search terms should the submitted searches return too many results, considering the actual burden associated with reviewing the results.

12.    The Parties are obligated to produce only the most inclusive part of an email thread, with the exception of any individual emails in an email thread with unique, responsive attachments, which should also be produced.

13.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. The mere production of an otherwise privileged or work product protected ESI will be presumed to be inadvertent for the purposes of this paragraph, unless circumstances demonstrate to the contrary.

14.    The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

15.    Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

16.    This Order does not govern the format for the production of source code, which shall be produced pursuant to the relevant provisions of the Protective Order. The parties agree that any search terms will not be applied to source code.

**So ORDERED and SIGNED this 1st day of May, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE